The State vs. Gross.

THE STATE vs. GROSS.

*December 4 — December 16, 1884.*

CRIMINAL PLEADING AND PRACTICE. *(1) Information for false pretenses. (2) Report of questions of law.*

1. An information charging that G. at a certain time and place falsely pretended to one T. that he was a contractor engaged in the business of teaming at S. and desired to employ teamsters to work for him; that he made certain other specified false pretenses to satisfy T. of the truth of his statement, and proposed to employ T. as a teamster to go to S. and work for him; that T. thereupon engaged to do so; that G. then falsely pretended that he had not sufficient money to pay T.'s railroad fare to S. and desired T. to advance him a sufficient amount to purchase the ticket and agreed to return

the money when T. should reach S.; that thereupon T. advanced $8 for that purpose; that each and all of said pretenses were false to the knowledge of G. and were made with intent to defraud, but that T. believed them to be true and advanced the money on the faith of them — charges a criminal offense under sec. 4423, R. S.

2. Under sec. 4721, R. S., questions of law only can be reported to the supreme court; and even questions of law cannot properly be reported if their determination requires that all of the testimony should be before the court.

REPORTED from the Circuit Court for *La Crosse* County. The facts are stated in the opinion.

On behalf of the state there was a brief by *J. J. Fruit*, District Attorney, and the cause was argued orally by *Mr. Fruit* and by *H. W. Chynoweth*, Assistant Attorney General.

For the defendant the cause was submitted on the brief of *John A. Daniels*. To the point that the information is insufficient in law to charge any crime, he cited: *State v. Green*, 7 Wis. 676; *Comm. v. Drew*, 19 Pick. 184; *Dillingham v. State*, 5 Ohio St. 283; *People v. Tompkins*, 1 Parker's Crim. R. 237.

LYON, J.    The defendant was tried in the circuit court of La Crosse county on an information charging him with the crime of obtaining money by false pretenses, and was convicted. The questions we are asked to determine are brought here by the report of the circuit judge before whom the defendant was tried, pursuant to sec. 4721, R. S. The questions are inartificially and somewhat obscurely stated in the report, but, as we understand them, they are: (1) Does the information charge a criminal offense? and, if so, (2) Does the evidence support the conviction? The report contains the information, the evidence on the part of the state, and the charge of the judge to the jury.

1. The information charges in substance that on November 5, 1883, at the city of La Crosse, the defendant falsely

pretended to one Frank Thayer that he was a contractor, engaged in the business of teaming at Stevens Point, in this state, and desired to employ teamsters to work for him at that place during the following winter; that he made certain other false pretenses, specified in the information, to Thayer, to satisfy the latter of the truth of such statements, and proposed to employ Thayer to go to Stevens Point and work for him as a teamster; that thereupon Thayer engaged to do so; that *Gross* then falsely pretended that he had not sufficient money to pay Thayer's railroad fare to Stevens Point, and desired Thayer to advance him a sufficient amount to purchase the necessary railroad ticket, and agreed to return the money when Thayer should reach Stevens Point; that thereupon Thayer advanced him eight dollars for that purpose. The information specifically alleges that each and all such pretenses were false, to the knowledge of the defendant, and were so made with intent to defraud; but that Thayer believed them to be true and advanced the money on the faith of them.

This information undoubtedly charges a criminal offense under sec. 4423, R. S. This is perfectly obvious from a perusal of the information, and no discussion can make it plainer. The information is admirably well drawn, and reflects credit upon the district attorney who drew it. The first question submitted must therefore be answered in the affirmative.

2. The second question is purely one of fact, and cannot properly be answered here. Questions of law alone can be reported to this court under the statute first above cited, and even questions of law cannot properly be so reported if the determination thereof renders it necessary that we should have all the testimony before us. Otherwise the report would be made to perform the functions of a writ of error, which the statute does not contemplate. *State v. Jenkins*, 60 Wis. 599, and cases cited. In *State v. Clifford*, 58

The State vs. Gross.

Wis. 113, the same rule was applied to a case brought here before judgment, on summary exceptions, pursuant to sec. 4720, R. S. Hence the second question cannot properly be now determined.

*By the Court.*— It will be certified to the circuit court that in our opinion the information is sufficient, and that court is advised to proceed to judgment on the conviction, unless for cause shown a new trial is granted.