THE STATE vs. CORNHAUSER.

*February 27 — March 12, 1889.*

CRIMINAL LAW AND PRACTICE. *(1) Embezzlement: Pleading: Evidence: Variance. (2) Questions reported to supreme court.*

1. Under sec. 4667, R. S. (providing that in a prosecution for embezzlement evidence may be given of any such embezzlement committed within six months after the time stated in the information), no act of embezzlement committed prior to the time stated in the information can be proved.
2. Questions reported to the supreme court under sec. 4721, R. S., will not be answered where they involve an examination of the entire record.

REPORTED from the Municipal Court of *Milwaukee* County.

The first and fifth questions reported were as follows:

"1. Is the evidence in the action sufficient to sustain the verdict of the jury convicting the defendant of the embezzlement of $130 received by him of said Batteiger on February 2, 1888, at Butte City, Montana?"

"5. Did the court err in charging the jury that they should not convict the defendant under any of the evidence in the action except that relative to the collection and refusal to account for the $130?"

The other questions are stated in the opinion.

For the defendant there was a brief by *Winkler, Flan-*

*ders, Smith, Bottum & Vilas,* and oral argument by *E. P. Vilas.*

*L. K. Luse,* Assistant Attorney General, for the state.

COLE, C. J. This case is reported to this court by the judge of the municipal court of Milwaukee county for our decision of certain questions submitted. We shall not consider these questions in their numerical order.

The second question submitted is this: Upon the information in this action, and under sec. 4667, R. S., was the admission of evidence, against the defendant's objection, tending to prove the collection by him on February 2, 1888, of the sum of $130, and the failure by him to account for said sum when in Milwaukee on February 25, 1888, competent and proper under the allegations of the information, which charged the defendant with the embezzlement of $1,600 on the 16th day of May, 1888? The section of the statute referred to in the question provides that "in any prosecution for the offense of embezzling the money, banknotes, checks, drafts, bills of exchange, or other security for money of any person by a clerk, agent, or servant of such person, it shall be sufficient to allege generally in the indictment or information an embezzlement of money to a certain amount, without specifying any particulars of such embezzlement, and on the trial evidence may be given of any such embezzlement committed within six months next after the time stated in the indictment or information; and it shall be sufficient to maintain the charge in the indictment or information, and shall not be deemed a variance, if it shall be proved that any money, bank-note, check, draft, bill of exchange, or other security for money of such person, of whatever amount, was fraudulently embezzled by such clerk, agent, or servant within the said period of six months."

It is evident that the evidence admitted went to prove

an act of embezzlement prior to the time charged in the information. The question is, Could such an offense be proven to support the information? It is claimed on the part of the defendant that it could not be, and that proof of any act of embezzlement anterior to the 16th day of May, 1888, was inadmissible. We are inclined to adopt this view. This is a statutory offense, and while it is not necessary to show that the precise amount of money charged in the information was fraudulently appropriated with intent to embezzle, or, rather, the failure to prove such amount is not to be deemed a variance, still, by the strongest implication, the statute limits the proof to acts of embezzlement committed within six months next after the time stated in the information. This is the plain reading of the statute. The supreme court of Michigan has construed a precisely similar statute in that state, and held that under it an information for embezzlement cannot be sustained by evidence of acts committed before the time stated therein. *People v. Donald*, 48 Mich. 491. The second question is therefore answered in the negative.

The fourth question is: Upon the information, the record, and evidence in the action, and the rulings and charge of the court, should the court proceed to sentence and judgment upon the verdict? We do not understand that there was any attempt to prove an act of embezzlement after the time charged in the information, and the charge of the court left nothing to the jury except the evidence of an act of embezzlement committed before the 16th of May, 1888. Such being the case, the court could not properly proceed to sentence the defendant, but should arrest judgment and discharge him from custody. So the fourth question is answered in the negative.

The third question is: Did the court err in refusing to discharge the defendant at the close of the evidence, upon motion made therefor? It follows from what we have

already said that this question must be answered in the affirmative.

A bill of exceptions was settled, which contains all the evidence and proceedings had on the trial. In order to answer the first and fifth questions submitted it would be necessary to examine the entire record, which we decline to do. The rule on this subject is laid down in *State v. Jenkins,* 60 Wis. 599; *State v. Gross,* 62 Wis. 41; and *State v. Clifford,* 58 Wis. 114.

The cause must be remanded to the municipal court of Milwaukee county, with a certified copy of this opinion containing our decision on the questions submitted.

*By the Court.—* Ordered accordingly.