# THE STATE vs. JUNEAU.

*May 9 — May 25, 1894.*

*Competency of child to testify: Sufficiency of evidence: "Open lewd-
ness."*

1. Whether a child above the age of four years is competent to testify
   is to be determined by examination of the child in court, and the
   question is addressed to the discretion of the trial court.
2. A conviction of the offense of open and gross lewdness may be sus-
   tained upon the testimony (with some corroboration) of a child five
   years and five months old, who was less than five years old when
   the offense was committed.
3. An act of gross lewdness is "open," within the meaning of sec. 4579,
   R. S., though committed in a private place and when no one was
   present but the defendant and the person upon whom the act is
   alleged to have been committed, and although such person was a
   child of tender years.

REPORTED from the Circuit Court for *Langlade* County.

The report is made under sec. 4721, R. S., and is as fol-
lows: " At the September term, 1893, of the above court,
the above-named defendant, *Andrew Juneau,* was convicted
of ' open and gross lewdness and lascivious behavior,' under
the provisions of sec. 4579, R. S.   The offense was alleged
to have been committed on the 14th day of December,
1892, in a building occupied by the defendant; no one
being present at the time except the defendant and a little
girl named Clara Brown, who was at that time about four
years and nine months old, and who was about five years
and five months old at the time of the trial.   The alleged
offense consisted of the indecent exposure of defendant's
person to said child, and the commission of an indecent as-
sault upon her.   The defendant was convicted upon the
testimony of said child, corroborated by that of her mother
and a physician who was called to examine her a short
time after the alleged assault.   Certain questions of law

having arisen during the trial, which, in the opinion of the presiding judge, are so important and doubtful as to require the decision of the supreme court, now, therefore, I, John Goodland, judge of the tenth judicial circuit, do hereby certify to the supreme court of the state of Wisconsin (said defendant consenting thereto) the said questions for decision, as follows: First question: Did the circuit court err in permitting the child, Clara Brown, to testify in this case? Second question: Can a conviction for a criminal offense be sustained upon the testimony (with some corroboration) of a child who was under the age of five years at the time the offense is alleged to have been committed? Third question: Is an act of gross lewdness 'open,' within the meaning of sec. 4579, R. S., when committed in a private place, and when no one is present except the defendant and the person upon whom the act is alleged to have been committed? A copy of the testimony taken and the proceedings had upon said trial is hereunto annexed."

For the plaintiff the cause was submitted on the brief of the *Attorney General*, and *J. M. Clancey*, Assistant Attorney General. They argued, among other things, that the testimony of a child is admissible if the court is satisfied that he is sufficiently conscious of the duty to speak the truth to permit the reception of his evidence. *Washburn v. People*, 10 Mich. 372; 1 Greenl. Ev. sec. 367; *McGuire v. People*, 44 Mich. 286; *Draper v. Draper*, 68 Ill. 17; *Flanagin v. State*, 25 Ark. 92; *Brown v. State*, 2 Tex. App. 122; *State v. Richie*, 26 Am. Rep. 100; *Givins v. Comm.* 29 Grat. 835; *Ake v. State*, 6 Tex. App. 398; *McGuff v. State*, 88 Ala. 150; 1 East, P. C. 441, 443; 4 Bl. Comm. 214; 1 Leach, Cr. Cas. 200; *Blackwell v. State*, 11 Ind. 196; *Vincent v. State*, 3 Heisk. 120; *Comm. v. Carey*, 2 Brews. (Pa.), 404; *Davidson v. State*, 39 Tex. 129; *State v. Whittier*, 21 Me. 341; 1 Roscoe, Cr. Ev. (8th ed.), *115.

The State vs. Juneau.

For the defendant the cause was submitted on the brief of *S. S. Hamilton.* To the point that secret and private illicit intercourse or lewdness is not "open" within the statute, he cited 13 Am. & Eng. Ency. of Law, 278, par. iv; id. 279, note 1; id. 277, note 6; *Comm. v. Catlin,* 1 Mass. 8; *Comm. v. Wardell,* 128 id. 52.

NEWMAN, J. It seems to be the settled law that, after four years of age, a child is not incompetent to testify as a witness by reason of any rule of law which excludes him. Whether a child above that age is competent to testify depends upon his intelligence, which is to be determined by the trial court by examination of the child in court. The question is addressed to the discretion of the trial court. Its determination on such examination is final, except in a clear case of the abuse of its discretion. "It may be regarded as well settled that whenever there is intelligence enough to observe and to narrate, there a child (a due sense of the obligation of an oath being shown) can be admitted to testify." 1 Whart. Ev. (3d ed.), § 398. "Age, at least after four years are past, does not touch competency; and the question is one of intelligence, which, whenever a doubt arises, the court will determine to its own satisfaction by examining the infant on his knowledge of the obligation of an oath and the religious and secular penalties for perjury." Id. § 399. "It will require a strong case to sustain a reversal of the ruling of the court examining such a witness." Id. § 400. See cases cited in the brief of the attorney general; also, *State v. Morea,* 2 Ala. 275; *Wade v. State,* 50 Ala. 164; *Blackwell v. State,* 11 Ind. 196; *State v. Denis,* 19 La. Ann. 119; *People v. Bernal,* 10 Cal. 66; *State v. Whittier,* 21 Me. 341; *State v. Le Blanc,* 3 Brev. (S. C.), 339; *State v. Jackson,* 9 Oreg. 457. Whether the trial court determined rightly the questions of the competency of the witness is not presented here. That is a question of fact.

Only questions of law are to be reported, under the statute, or considered by this court. *State v. Gross*, 62 Wis. 41; *State v. Cornhauser*, 74 Wis. 42. The court, being satisfied of the competency of the witness, did not err in permitting her to testify in the case.

2. Ordinarily, the testimony of one competent witness is sufficient to sustain a conviction. There are crimes for which it is not competent to convict upon the uncorroborated testimony of one witness. These are exceptions from the general rule, created either by statute or some established rule of the common law. Except in these excepted cases the testimony of one witness answers at law. Even the testimony of an accomplice is sufficient (*Black v. State*, 59 Wis. 471), and that even in a capital case (*U. S. v. Neverson*, 1 Mackey, 152; *U. S. v. Bicksler*, id. 341). The weight of the evidence is for the jury. If they are satisfied by it beyond a reasonable doubt, it is legally sufficient. Even in cases of rape, there is no inflexible rule which requires corroboration of the complainant's testimony. Such corroboration is expected, and its absence seriously impairs the case of the prosecution. But the law itself is satisfied with such corroboration as is practically procurable; else, many crimes could be perpetrated with impunity. 1 Whart. Cr. Law (9th ed.), sec. 565. It is, to a great extent, in the discretion of the trial court, in most cases, whether corroboration shall be required, and how much. *Ingalls v. State*, 48 Wis. 649; *Black v. State*, 59 Wis. 471. Under the direction of the court, an intelligent jury are not likely to err in giving undue credit and force to the testimony. If that should happen, it is always within the power of the court to correct such a mistake by a new trial. It appears by the report that there was some corroboration of the principal witness. Whether the whole evidence supports the conviction cannot be answered here. *State v. Gross*, 62 Wis. 41. The court being satisfied by its

The State vs. Juneau.

examination that the witness was competent to testify, and that practically all the corroborative testimony which was practically procurable had been produced, and being satisfied of the truth of the verdict, the conviction is lawful and should be sustained.

3. The act alleged against the defendant is an act of "open and gross lewdness," within the meaning of the statute. The statute punishes not public, but open, lewdness. The phrase "open and gross lewdness" is not equivalent to the phrase "gross lewdness in an open place." The word "open" has no reference to place at all, nor to number of people. It is used simply to define a quality of the act of lewdness. It is "open lewdness" as opposed to "secret" lewdness. It defines the same act, regardless whether it is committed in presence of one or of many. The offense may be committed by the intentional act of exposing one's person indecently in the presence of one person, to whom it is offensive, as well as in the presence of many persons. It could not change the quality of the act that it was committed in the presence of a child of tender years, too innocent to be offended by it. The benignity of the law would neither presume nor permit the consent of such a child to such an act. *Fowler v. State,* 5 Day, 81; *Grisham v. State,* 2 Yerg. 589; *State v. Millard,* 18 Vt. 574; *Comm. v. Wardell,* 128 Mass. 52.

*By the Court.*— The first question is answered in the negative. The second and third questions are answered in the affirmative. It will be so certified to the circuit court.