PEOPLE *v.* GOULD.

1. REAL-ESTATE BROKERS—COLLECTIONS—AGENCY.

R. purchased real estate, taking title. in his wife's name. Subsequently he put the property in the hands of a real-estate broker, who sold the same on credit, and secured the purchase price by a note and mortgage, which he drafted, running to the wife of R. Thereafter the mortgagee executed a discharge, and R. forwarded it to the broker, who received payment in full from the mortgagor. *Held*, that the broker could not claim that in the collection he was the agent of R., and not of R.'s wife.

2. EMBEZZLEMENT—EVIDENCE—INSTRUCTIONS.

An instruction permitting the conviction of a respondent for embezzling the proceeds of a mortgage collected by him, although he received the money before the date of the embezzlement charged in the information, if he held the money at that time as agent for the owner, and within six months thereafter appropriated the same to his own use, is justified by a letter from the respondent after the collection, but before the date charged, stating that the mortgagor would like to have the mortgage run for the time being, and a letter written within six months after such date, purporting to inclose interest on the mortgage.

Exceptions before judgment from Jackson; Peck, J. Submitted June 16, 1898. Decided July 18, 1898.

Ralph B. Gould was convicted of embezzlement. Conviction affirmed.

*James W. Blakely*, for appellant.

*Fred A. Maynard*, Attorney General, and *Elmer Kirkby*, Prosecuting Attorney, for the people.

LONG, J. Respondent was convicted of embezzlement. At the time the offense is claimed to have been committed, the respondent and his father, Andrew J. Gould, were

doing a real estate and loan business in the city of Jackson, under the firm name of A. J. Gould & Son, but, previous to the payment made upon which the respondent was convicted, the father had removed to Tennessee, and the respondent continued the business under the firm name. It appears that several years ago one Alfred K. Rawson purchased certain real estate in the city of Jackson, taking the title in the name of his wife, Sylvia A. Rawson. Rawson and his wife moved to Missouri some eight or ten years ago. Mr. Rawson put the property into the hands of A. J. Gould & Son, who consummated a sale of it in June, 1890, to William H. Elliott, for $2,000, the sum of $1,200 being paid in cash, and the $800 secured by note and mortgage running to Sylvia A. Rawson. The money and note and mortgage were forwarded to Alfred K. Rawson. May 3, 1893, Sylvia A. Rawson executed a discharge of the mortgage, and Mr. Rawson forwarded it to A. J. Gould & Son. On May 20th following, the respondent delivered this discharge to Mr. Elliott, and received from him $203, the balance of the money due; all the rest of the money due on the mortgage having been paid by him to A. J. Gould & Son prior to May 3, 1893. The $800 was never paid over either to Mr. or Mrs. Rawson. On July 26, 1893, the respondent wrote Mr. Rawson that Mr. Elliott would like to have the mortgage run until September. On October 20, 1893, he again wrote Mr. Rawson, inclosing draft for $48, saying, "It being for a year's interest on the Elliott mortgage." Mr. Rawson died in March, 1897. In August of that year, Mrs. Rawson came to Jackson, and demanded the interest on the mortgage, which was paid by the respondent. She then made a demand for the principal, and, the respondent failing to pay it, she made complaint against him for embezzlement, setting up that he was her agent in the collection and misappropriation of the money. The case was submitted to the jury under a very fair charge. A verdict of guilty was returned. The case comes to this court on exceptions before sentence.

1. Counsel for respondent claims that the proofs negative the theory that respondent was the agent of Sylvia A. Rawson, and show that he was the agent of her husband, Alfred K. Rawson.

The mortgage collected was in the name of Sylvia A. Rawson, belonged to her, and she executed the discharge thereof. This mortgage was drawn by the respondent himself, and the discharge came to him executed by Sylvia A. Rawson, and he delivered it to Elliott, and received the money thereon. It clearly appears that, while Alfred K. Rawson was doing the business for his wife, she owned the mortgage, and that in the collection of it the respondent acted for her, and was her agent.

2. It is said that the proofs do not disclose any act of respondent showing that the money was converted by him on the date charged in the information, or within six months thereafter, and that, therefore, the respondent should have been discharged.

2 How. Stat. § 9421, provides that, on prosecutions for embezzlement, "evidence may be given of any such embezzlement committed within six months next after the time stated in the indictment." In *People* v. *Donald*, 48 Mich. 491,—being a prosecution for embezzlement,—it was held that under this statute an information for embezzlement could not be sustained by evidence of acts committed before the time stated in the information. This construction was given by the supreme court of Wisconsin to a similar statute. *State* v. *Cornhauser*, 74 Wis. 42.

On the trial, after the people had rested, counsel for respondent moved the court that the respondent be discharged, for the reason that no evidence had been given showing any act of embezzlement on August 24, 1893,—the date charged in the information,—or within six months thereafter. The court thereupon permitted the prosecution to read in evidence the following letter:

"JACKSON, MICH., October 20, 1893.

"A. K. RAWSON, Esq.,

"Jefferson City, Mo.

"*Dear Sir:* We herewith inclose draft on New York for $48, less exchange, being for a year's interest on the Elliott mortgage.          Very respectfully,

"A. J. GOULD & SON."

The court overruled the motion to discharge, and charged the jury:

"By the undisputed testimony, this money, if paid to the respondent at all, was paid on May 20, 1893, before the time charged in the information.    Now, I charge you that if you find from the evidence, beyond a reasonable doubt, that this money was in fact the money of Mrs. Rawson, and that respondent was her agent; that the money was paid to him as her agent, and was received by him as such; and that he held the money, as such agent of Mrs. Rawson, on August 24, 1893, or within six months thereafter, and the embezzlement was committed of it by him on August 24th, or within six months thereafter, and while the relation of agent to Mrs. Rawson continued, and the conditions I have stated existed, * * * that the case here should be regarded as complete, notwithstanding the money was so paid to and received by the respondent before August 24, 1893.    * * * If you are satisfied from the evidence, and beyond a reasonable doubt, that the appropriation of the money to his own use, with the intent essential to constitute the crime of embezzlement, occurred after the 24th day of August, and within six months after that date, you should regard this essential element of the crime charged as being well proven."

The only objection which counsel makes to this charge is that there was no evidence in the case to support it, or in any way to show the embezzlement after August 24th.

We think the letter of October 20, 1893, connected with what had been written by respondent in July previous, has a tendency to show that fact.   The letter of July shows that respondent may have had it in mind to appropriate the money to his own use, as he there stated that Elliott desired to have the time extended on the mortgage till in September, when, in fact, he had already received

it.   Had Mr. Rawson called for the payment of the money at that time, it is possible it might have been paid over to him by the respondent.   But on October 20th he had evidently made up his mind to appropriate it, and sought to put off inquiry by sending the interest.

Counsel for respondent claims, however, that the letter of October 20th was not identified as having been written by respondent.   We have carefully examined the testimony of Mr. Elliott, and think the identification of the letter is sustained by that.

The court below is advised to proceed to judgment.

The other Justices concurred.