STUTSMAN COUNTY, a Public Corporation, Plaintiff, v. DAKOTA TRUST COMPANY, a Corporation, Defendant.

(178 N. W. 725.)

**Appeal and error — trial court must determine that question of law that is doubtful and determinative of issue before certifying it.**

1. In certifying a question of law to the supreme court, pursuant to chapter two, Session Laws 1919, the trial court must first exercise its sound judicial discretion in determining that the question of law involved is doubtful, vital, and principally determinative of the issues in the case to the end that causes may not be delayed in final hearing and determination, and that a certified question of law may not be made, when reviewed and determined by the supreme court applicable and determinative upon issues and facts not clearly determined or settled.

**Appeal and error — on certified questions, supreme court exercises only its appellate jurisdiction.**

2. Under such statute, the supreme court exercises alone its appellate jurisdiction. It may review a certified question of law determined or adjudicated by the trial court. It can neither give an advisory opinion nor try and determine questions of law or of fact as original questions.

**Appeal and error — certified question must be a formulated question of law.**

3. In certifying a question of law, pursuant to such statute, it is necessary that the trial court determine, settle, adjudicate, and certify to a formulated question of law. This question of law must be clearly stated and not involve questions of fact, or those of mixed law and fact. It must be distinctly stated so that it can be determined by the supreme court without regard to other issues of law or of fact.

Opinion filed May 29, 1920.

Certified question of law, from District Court, Stutsman County, *Coffey*, J.

Proceeding dismissed.

*John W. Carr,* for plaintiff.

A surety is an insurer of the debt. Northern State Bank v. Bellamy, 19 N. D. 509, 125 N. W. 888.

A paid surety or bonding company is treated rather as an insurer than a surety. Long v. American Surety Co. 23 N. D. 492, 137 N. W. 41; 20 Cyc. 1400.

If a debt ought to be paid at a particular time, and is not then paid, legal interest upon it shall be paid during such time, as the party is in default. Empire State Surety Co. **v.** Lindenmeier, Ann. Cas. 1914C, 1192.

*Lawrence & Murphy,* for the defendant.

"A surety cannot be held beyond the express terms of his contract, and if such contract prescribes a penalty for its breach, he cannot in any case be liable for more than the penalty." Comp. Laws 1913, § 6677.

"In interpreting the terms of a contract of suretyship the same rules are to be observed as in the case of other contracts." Hubbard v. Callahan, 42 Conn. 534, 19 Am. Rep. 575; Hopkins v. Crittenden, 10 Tex. 189; Findley v. Hall, 12 Ohio, 610; Spencer v. Maxfield, 16 Wis. 178; Adams v. Way, 33 Conn. 431; Cornwall v. Sac County, 96 U. S. 61; Enbyre v. McDaniel, 28 Ill. 203; Hand v. Armstrong, 18 Iowa, 327; McLean v. Abrams, 2 Nev. 207; Casey v. Gibbons, 136 Cal. 371; Kendall v. Porter, 120 Cal. 109; Guy v. Franklin, 5 Cal. 417; Kohler v. Smith, 2 Cal. 597; See also notes in 6 Am. Dec. 190; 61 Am. Dec. 64; 72 Am. Dec. 116, and 90 Am. Dec. 48.

BRONSON, J. This is a proceeding involving the certification of questions of law pursuant to chapter 2 of the Sess. Laws 1919. In the district court action was instituted to recover upon a surety bond given by the defendant to the plaintiff, covering the demand deposits of the plaintiff, in the Medina State Bank, for which bank a receiver had been appointed. Without any trial or adjudication, the parties have stipulated the facts and the questions of law involved upon such facts. The trial judge has made a certificate, certifying the cause to this court upon the questions of law involved and as appearing from the stipulation made between the parties. The record is composed of the complaint, the answer, and the stipulation of the facts and law questions involved. The question of law primarily presented from the stipulation of the parties is whether the plaintiff is entitled to recover from the defendant, the surety, interest at the legal rate of 7 per cent per annum from the date of its demand, January 30, 1914, or interest only at the rate of 3 per cent per annum in accordance with the con-

tract rate stipulated by the bank in its proposal for the demand deposits of the county.

The manner and form in which this proceeding has been certified requires a construction of chapter 2, Sess. Laws 1919, and the procedure to be followed thereunder. In Guilford School Dist. v. Dakota Trust Co. 46 N. D. —, 178 N. W. 727, a similar contemporaneous case before this court, Chief Justice Christianson, writing the opinion of the court, has set forth at length the statute involved, has discussed the appellate jurisdiction of this court and the necessity of the trial court ruling upon the questions of law certified. It becomes unnecessary to restate what has been stated in that opinion in that regard.

The statute involved is a procedural statute, in the exercise of the appellate jurisdiction alone of this court. It is a statute of review. It does not contemplate the making of mere advisory opinions to the trial court, nor the exercise of the original jurisdiction of this court.

The purpose of this statute is to expedite the trial and determination of causes, when it becomes apparent during the course of a proceeding in a trial court that a question of law, doubtful and principally determinative of the issues and facts proved, or essential to be proved, is presented. In such event an opportunity is afforded, through this statute, to secure a review of the determinative question of law, without invoking the more lengthy process of statutory appeal. A certified question of law, however, so presented to this court, must involve the exercise of its appellate, not its original, jurisdiction.

In this regard a somewhat similar procedure, in the Federal courts, under Federal acts, may be considered. For many years provision was made for the certification of a question of law from the circuit court to the Supreme Court of the United States. The act provided, among other things, as follows:

"When a final judgment or decree is entered in any civil suit or proceeding before any circuit court held by a circuit justice and a circuit judge or a district judge, or by a circuit judge and a district judge, in the trial or hearing whereof any question has occurred upon which the opinions of the judges were opposed, the point upon which they so disagreed shall, during the same term, be stated under the direction of the judges, and certified, and such certificate shall be entered of record."

Rev. Stat. § 652; Act of June 1, 1872, chap. 255, 17 Stat. at L. 196; Act of April 29, 1802, chap. 31, 2 Stat. at L. 159.

This act was considered repealed by the Act of March 3, 1891. See United States v. Rider, 163 U. S. 132, 41 L. ed. 101, 16 Sup. Ct. Rep. 983.

"By the Judiciary Act of March 3, 1891 (26 Stat. at L. 826, chap. 517), a review by certificate is limited to the certificate or its equivalent by the circuit courts, made after final judgment, of the question, when raised, of their jurisdiction as courts of the United States, and to the certificate by the circuit courts of appeal of questions of law in relation to which the advice of this court is sought as therein provided, which certificates are governed by the same rules as were formerly applied to certificates of division." Baltimore & O. R. Co. v. Interstate Commerce Commission, 215 U. S. 217, 54 L. ed. 167, 30 Sup. Ct. Rep. 86.

Concerning this procedure, the court, in the above cited case, stated:

"And it has been established by repeated decisions that questions certified to this court upon a division of opinion must be distinct points of law, clearly stated, so that they can be distinctly answered without regard to other issues of law or of fact and not questions of fact or of mixed law and fact; involving inferences of fact from particular facts stated in the certificates; nor yet the whole case, even if divided into several points. Jewell v. Knight, 123 U. S. 426, 433, 31 L. ed. 190, 192, 8 Sup. Ct. Rep. 193.

"And finally, it has been settled that the whole case, even when its decision turns upon matter of law only, cannot be sent here by certificate of division.

"In White v. Turk, 12 Pet. 238, 9 L. ed. 1069, it was said: 'That certificate of the judges, in this case, leaves no doubt that the whole cause was submitted to the circuit court by the motion to set aside the judgment on the bond. And, had the court agreed in opinion, and rendered a judgment upon the points submitted, it would have been conclusive of the whole matter in controversy between the parties. This certificate, therefore, brings the whole cause before this court; and, if we were to decide the questions presented, it would, in effect, be the exercise of original, rather than appellate, jurisdiction.' This practice was declared irregular by Chief Justice Taney in Webster v. Cooper,

10 How. 54, 13 L. ed. 325; and the chief justice added that it 'would, if sanctioned, convert this court into one of original jurisdiction in questions of law, instead of being, as the Constitution intended it to be, an appellate court to revise the decisions of inferior tribunals.' So Mr. Justice Miller, in United States v. Perrin, 131 U. S. 55, 58, 33 L. ed. 88, 89, 9 Sup. Ct. Rep. 682, said: 'But it never was designed that, because a case is a troublesome one, or is a new one, and because the judges trying the case may not be perfectly satisfied as regards all the points raised in the course of the trial, the whole matter shall be referred to this court for its decision in advance of a regular trial, or that in any event the whole case shall be thus brought before this court.' Such a system converts the Supreme Court into a nisi prius trial court; whereas, even in cases which come here for review in the ordinary course of judicial proceeding, we are always and only an appellate court, except in the limited class of cases where the court has original jurisdiction."

It is apparent that, in the consideration of certified questions from the circuit court of appeals, the Supreme Court is simply considering, in the exercise of its appellate jurisdiction, a question that has already been presented upon appeal to the circuit court of appeals, whose jurisdiction is exclusively appellate. See United States v. Mayer, 235 U. S. 55, 59 L. ed. 129, 35 Sup. Ct. Rep. 16; 5 Fed. Stat. Anno. 2d ed. p. 838. In order, therefore, that this court may exercise its appellate jurisdiction in the consideration of a certified question of law, it is essential that the trial court must first exercise its sound discretion in determining that the question of law to be certified is doubtful, vital, and principally determinative of the issues in the case. This is essential in order that cases may not be delayed, and that the question of law certified (to become the law of the case when determined) be not made determinative upon issues or facts not clearly settled or ascertained. It is further necessary that the trial court determine, settle, adjudicate, and certify to the formulated question of law. The question of law must be clearly stated, and not involve questions of fact or those of mixed law and fact, involving inferences of fact from particular facts stated in the certificate. It must be so distinctly stated that it can be answered and determined by this court without regard to other issues of law or of fact. Otherwise this court may be required to pass upon

and determine the issues of law or of fact presented as original questions. In the case at bar this procedure has not been followed. It cannot, therefore, assume jurisdiction. Proceedings are dismissed without costs to either party.

CHRISTIANSON, Ch. J., and ROBINSON and BIRDZELL, JJ., concur.

GRACE, J. I concur in the result.