ANGELINE MALHEREK, Plaintiff, v. THE CITY OF FARGO, a Municipal Corporation, Defendant.

(189 N. W. 245.)

**Appeal and error — question not certified by district to Supreme Court, unless determination of cause depends on doubtful construction of law.**

    1. Chap. 2, Laws 1919, providing for the certification of questions of law to the Supreme Court is applicable, and intended to be invoked only where in a pending cause, at issue, it becomes apparent that the determination of the cause will depend principally or wholly upon the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause.

**Appeal and error — questions of law certified to Supreme Court must not involve examination of evidence and determination of sufficiency thereof; questions certified to Supreme Court must be distinctly stated.**

    Questions of law certified to the Supreme Court under chap. 2, Laws 1919, must not involve an examination of the transcript of the evidence and a determination whether the evidence is sufficient to establish either a cause of action or some ultimate fact required to be established by a party to the action. In other words, the question of law certified "must be clearly stated and not involve questions of fact, or those of mixed law and fact. It must be distinctly stated so that it can be determined by the Supreme Court, without regard to other issues of law or fact."

Opinion filed June 16, 1922.

Case certified from District court of Cass county, *Cole, J.* Action by Angeline Malherek against the City of Fargo.

Proceedings dismissed.

*Taylor Crum,* for plaintiff.

*W. H. Shure,* for defendant.

CHRISTIANSON, J. This case is before us upon a certified report of one of the district judges of the first judicial district in this state. Upon the oral argument, defendant's counsel moved that the proceeding be dismissed on the ground that the record here does not present a case within the statute, and the rules of this court relating to certification of

questions of law to the Supreme Court. After careful consideration, we have reached the conclusion that the motion should be granted.

This action was brought to recover for injuries which the plaintiff claims that she sustained on the evening of January 11, 1921, as a result of an accumulation of ice upon a sidewalk in said city. The case came on for trial in the district court of Cass county, before the court and a jury duly impaneled to try the same. Witnesses were sworn and testimony taken. A transcript of the testimony so taken covers some 30 pages of the transcript certified to this court. At this point of the trial the question arose as to whether the plaintiff had or had not established such knowledge on the part of any officer of the city as to charge the city with liability under chap. 70, Laws 1915. Plaintiff's counsel in effect stated that he had no other or additional testimony bearing on the question of knowledge on the part of any officer of the city than that which had already been introduced; the trial court ruled that the showing made was insufficient and thereupon dismissed the case and discharged the jury. Subsequently the plaintiff moved that the order of dismissal be vacated and that, in event of a denial of such motion, the question which arose upon the trial and occasioned the dismissal of the action be certified to the Supreme Court. The trial court granted the application to certify, and has transmitted to this court a certificate, the material portion of which read as follows:

"This cause is one brought by the plaintiff against the city of Fargo for damages for personal injury, and the defendant city interposed a defense that raised the issue of law now certified at the request of the plaintiff and on the court's own motion under chap. 70 of the Laws of 1915, which reads as follows: 'All municipalities in the state of North Dakota shall be absolutely exempt from all liability to any person for damages for injuries suffered or sustained by reason of accumulation of snow and ice upon sidewalks within such municipality, unless actual knowledge of the defective, unsafe or dangerous condition of such sidewalk or crosswalk shall have been possessed by the mayor, board of city commissioners, police officer or marshal of such municipality forty-eight hours previous to such damage or injury, and such actual knowledge shall in no case be presumed from the fact of the existence of such condition, but in all cases the same shall be proved as an independent fact. In no event shall any municipality in this state be liable in damages for any injury occasioned through the mere slippery condition of such sidewalk, or crosswalk due to the presence of frost or loose snow thereon.'

The transcript herewith certified to the court as a part of the record herein, consisting of 35 typewritten pages, contains all of the evidence in reference to the claim of notice to the defendant city under chap. 70 of the Laws of 1915, aforesaid. The cause was dismissed by the court after the plaintiff had stated that the testimony as in the transcript herein transcribed was all the testimony and is all the testimony that the plaintiff could and can produce as to notice to the city.

The plaintiff contended and contends that the testimony of Con Keefe and and Gaadson Loucks as to the notice to the defendant city is sufficient and was sufficient to take the question of such notice to the city to the jury, together with the other issues. The court, having ruled otherwise and dismissed the cause, and it being in doubt as to the correctness of its ruling upon the issue of notice and the correct interpretation of the law in that respect, being the vital and one controlling matter of law as to the right of the plaintiff to recover, such ruling of this court is now and hereby certified to the Supreme Court for its determination.

The trial court is and was of the opinion that the Legislative Assembly has full right and power to pass an act, if it should so determine to do, saying that no municipality would be liable in any event for injury to persons on account of defective conditions, either in the sidewalks themselves, or by reason of ice and snow thereon, and such being the judgment of the court as to the power of the Legislative Assembly, it further held and now holds that the language contained in chap. 70 of the Laws of 1915 should be given full force and effect, and, being so given full force and effect, that the evidence was insufficient and is insufficient to take the questions of actual knowledge, such as is demanded and required under chap. 70 of the Laws of 1915, to the jury.

The case was dismissed upon the ruling by the court that there was not and is not sufficient evidence to go to the jury upon the question of actual knowledge of the city through Policeman Keefe, within the provisions of the law of 1915 aforesaid, and the correctness or incorrectness of the ruling of the court is and will be determinative of the cause at issue."

The purpose and effect of the statute relating to certification of questions of law to this court has been considered by this court in former cases. See Stutsman County v. Dakota Trust Co., 178 N. W. 725; Guilford School District v. Dakota Trust Co., 178 N. W. 727. See, also, rule 17, District Court Rules of Practice. The statute was enacted by

the legislature in 1919. See chap. 2, Laws 1919. The title of the act reads thus: "An act to provide for the certification of questions of law to the Supreme Court in civil and criminal cases where the determination of such questions may determine the issues in a cause at issue." Section 1 of the act reads as follows:

"Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction, in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court may, on the application of the attorney or attorneys for plaintiff or defendant in a civil case, and upon the application of the attorney for the plaintiff and defendant in a criminal cause, halt all proceedings until such question or questions shall have been certified to the Supreme Court and it or they have been determined."

By its plain language the statute is applicable only where it is apparent that the determination of any pending cause—
"will depend principally or wholly upon the construction of the law applicable thereto and such construction or interpretation is in doubt and vital, or of great moment in the cause."

When that situation exists, the trial court—
"may, on the application of the attorney or attorneys for plaintiff or defendant in a civil case * * * halt all proceedings until such question or questions shall have been certified to the Supreme Court and it or they have been determined."

This action has been dismissed. The exigency which the statute presupposes as a condition precedent to its invocation does not exist. And, as appears from the certificate of the trial judge, the question certified here is really one as to the legal sufficiency of the evidence upon the proposition whether a police officer of the city had actual knowledge of the dangerous condition of the sidewalk.

In our opinion the record before us does not present a case within the statute. See Stutsman County v. Dakota Trust Co., supra; State v. Cornhauser, 74 Wis. 42, 41 N. W. 959; State v. Loomis, 27 Minn. 521, 8 N. W. 758; State v. Billings, 96 Minn. 533, 104 N. W. 1150.

In Stutsman County v. Dakota Trust Co., supra, we said:
"The statute involved is a procedural statute, in the exercise of the appellate jurisdiction alone of this court. It is a statute of review. It does not contemplate the making of mere advisory opinions to the trial

court nor the exercise of the original jurisdiction of this court. The purpose of this statute is to expedite the trial and determination of causes, when it becomes apparent during the course of a proceeding in a trial court that a question of law, doubtful and principally determinative of the issues and facts proved, or essential to be proved, is presented. In such event an opportunity is afforded, through this statute, to secure a review of the determinative questions of law, without invoking the more lengthy process of statutory appeal. A certified question of law, however, so presented to this court, must involve the exercise of its appellate, not its original, jurisdiction. * * * It is further necessary that the trial court determine, settle, adjudicate, and certify to the formulated question of law. This question of law must be clearly stated and not involve questions of fact or those of mixed law and fact, invloving inferences of fact from particular facts stated in the certificate. It must be so distinctly stated that it can be answered and determined by this court without regard to other issues of law or of fact." 178 N. W. 727.

This language seems quite applicable here.

Proceeding dismissed.

BIRDZELL, C. J., and BRONSON and ROBINSON, JJ., concur.

GRACE, J., concurs in the result.