P. H. HARRINGTON, Plaintiff, v. N. G. EGGEN and M. G. Eggen, Defendants.

(197 N. W. 136.)

**Appeal and error — where question properly certified by district court to supreme court stated.**

1. Following Malherck v. Fargo, 48 N. D. 1109, it is held: "Chapter 2, Laws 1919, providing for the certification of questions of law to the Supreme Court is applicable, and intended to be invoked, only, where in a pending cause, at issue, it becomes apparent that the determination of the cause will depend principally or wholly upon the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause."

Note.—Certification of question of law to higher courts by lower court, see 2 R. C. L. 303: 1 R. C. L. Supp. 494.

**Appeal and error — questions raised by court's refusal to settle statement held not properly certified.**

2. In the instant case an application was made to settle a statement of case more than five months after the service of notice of entry of judgment. The trial court set aside an *ex parte* order formerly made extending the time for settlement, and refused to settle the statement on the ground that no cause had been shown, as required by law, for the extension of time. Upon application of the moving party the matter was reconsidered and the moving party was afforded an opportunity to submit affidavits for the purpose of excusing the delay and showing good cause for making settlement of the statement of case at that time. The opposing party objected to the settlement of the statement on the grounds: (1) That the court had no jurisdiction to settle the statement; and (2) that in any event no good cause was shown for doing so after the time provided by law for settlement had expired. The trial court found that application for settlement should be denied on both grounds. Upon application of the moving party the trial court certified the questions presented by the objections to the settlement of the statement to the Supreme Court. For reasons stated in the opinion it is *held* that the questions are not such as may properly be certified to this court for determination under chapter 2, Laws 1919.

Opinion filed January 23, 1924.

Appeal and Error, 3 C. J. § 928 p. 997 n. 92 New.

Case certified from District Court, Cass County, *Englert,* J.

Application to the district court for settlement of statement of case.

Application denied, and questions relating to whether statement of case ought or ought not to have been settled certified to the Supreme Court, under the provisions of chapter 2, Laws 1919.

Proceeding dismissed.

*Lyman Miller,* for plaintiff.

*Pierce, Tenneson, Cupler & Stambaugh,* for defendants.

PER CURIAM. This case is before us upon a certified report of one of the judges of the first judicial district in this state, and involves the correctness of the ruling of such judge in refusing to settle a statement of case.

It appears that, upon the hearing of the application to settle the statement, objection was made to the settlement on the ground that the time allowed by law for such settlement had expired; and that no valid

cause for extension had been shown. And it was contended: (1) That the court was without jurisdiction to settle the statement; and (2) that in any event no good cause had been shown for either extending the time in which settlement might be made or for settling such statement of case after the time prescribed by law had expired. In a memorandum opinion the trial judge stated that even assuming that he had jurisdiction that, nevertheless, no good cause had been shown so as to justify the settlement of the statement under the provisions of law relating thereto. Later an affidavit was submitted by counsel for the moving party and the matter was reconsidered and after such reconsideration the trial judge made an order refusing to settle the statement on both of the grounds urged in opposition to such settlement. Thereupon, at request of counsel for the party seeking to have the statement of case settled the trial judge certified the two stated questions to this court. The certificate refers to the affidavit submitted in support of the application to settle the statement of case. Manifestly, the order of the trial court could in no event be overruled unless it appears that both grounds asserted by the trial court are erroneous. It appears that in the court below the party resisting the application to have the statement of case settled urged that the questions sought to be certified were not properly certifiable to this court. The same contention is urged in this court and in our opinion is well founded. In Malherek v. Fargo, 48 N. D. 1109, 189 N. W. 245, this court said:

"The purpose and effect of the statute relating to certification of questions of law to this court has been considered by this court in former cases. Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725; Guilford School Dist. v. Dakota Trust Co. 46 N. D. 307, 178 N. W. 727. See, also, rule 17, District Court Rules of Practice. The statute was enacted by the Legislature in 1919. See chapter 2, Laws 1919. The title of the act reads thus: 'An act to provide for the certification of questions of law to the Supreme Court in civil and criminal cases where the determination of such questions may determine the issues in a cause at issue.' Section 1 of the act reads as follows: 'Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction, in this state and the issue of the same will depend principally or wholly on the

construction of the law applicable thereto and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judgment of any such court may, on the application of the attorney or attorneys for plaintiff or defendant in a civil case, and upon the application of the attorney for the plaintiff and defendant in a criminal cause, halt all proceedings until such question or questions shall have been certified to the Supreme Court and it or they have determined.'

"By its plain language the statute is applicable only where it is apparent that the determination of any pending cause 'will depend principally or wholly upon the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital or of great moment in the cause.'

"When that situation exists, the trial court 'may, on the application of the attorney or attorneys. for plaintiff or defendant in a civil case . . . halt all proceedings until such question or questions shall have been certified to the Supreme Court and it or they have been determined.'

"This action has been dismissed. The exigency which the statute presupposes as a condition precedent to its invocation does not exist. And, as appears from the certificate of the trial judge, the question certified here is really one as to the legal sufficiency of the evidence upon the proposition whether a police officer of the city had actual knowledge of the dangerous condition of the sidewalk.

"In our opinion the record before us does not present a case within the statute. See Stutsman County v. Dakota Trust Co. supra; State v. Cornhauser, 74 Wis. 42, 41 N. W. 959; State v. Loomis, 27 Minn. 521, 8 N. W. 758; State v. Billings, 96 Minn. 533, 104 N. W. 1150."

This language is equally applicable here and is decisive of the question presented.

We deem it proper to say, however, that an examination of the record leads us to the conclusion that it can in no event be said that the trial judge abused his discretion in refusing to settle the statement of case.

Proceeding dismissed.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.