**CITY OF GRAND FORKS, a municipal corporation, Plaintiff,**

v.

**GRAND FORKS COUNTY, a body corporate and politic, Defendant.**

No. 8177.

Supreme Court of North Dakota.

Dec. 30, 1965.

Gordon Caldis, City Atty., Grand Forks, for plaintiff.

James L. Hansen, Asst. State's Atty., Grand Forks, for defendant.

TEIGEN, Judge (on reassignment).

This is a proceeding under Chapter 32–24, N.D.C.C., involving certification to this court of eight questions of law, some of which are in several parts.

The City of Grand Forks, a municipal corporation, instituted an action against Grand Forks County within which the city is located to recover from the county certain tax moneys collected by the county to which the city maintains it is entitled under the statutes. The county has answered denying liability. Issue was joined and the matter came on for trial in the district court.

In the trial before the district court, the facts were stipulated and it was agreed that the issue will depend principally on the construction of law applicable thereto.

The order certifying questions of law to this court states:

I.

That Plaintiff is a municipal corporation and is situated in Grand Forks County, State of North Dakota.

II.

That Defendant herein is one of the counties of the State of North Dakota, duly and legally organized, created and established under and by virtue of the laws of the State of North Dakota.

III.

Section 24–05–01 of the North Dakota Century Code provides as follows: "County road tax—Allocation and use

of funds.—In each county of this state having a population of two thousand or more according to the latest United States or state census, there shall be levied and collected a property tax of not less than one-fourth of one mill, nor more than the maximum rate permitted by law, on each dollar of the assessed valuation of all taxable property in the county for the improvement of highways. Of the proceeds of such tax collected on account of real or personal property situated within any city or village, by the county treasurer of the county in which such city or village is located, twenty per cent shall be turned over by such treasurer to the treasurer of such city or village, in the manner provided in section 11–13–06 to be expended under the direction of the governing body of such subdivision in the improvement of the streets and highways thereof. All other proceeds of such tax shall be kept in a distinct fund to be known as the 'county road fund' and shall be expended in the improvement of highways as provided in this chapter under the direction of the board of county commissioners. Such taxes shall be in addition to all other taxes for highway purposes otherwise provided by law. The provisions of this section in regard to allocation shall apply to the proceeds of any tax originally levied for other purposes if appropriated or transferred to the county road fund or for expenditure for road and bridge purposes."

## IV.

Section 57–15–06.3 of the North Dakota Century Code provides as follows: "County road program including farm to market and federal aid—Tax Levy.—The board of county commissioners of any county in this state may prepare a proposed county construction program of farm to market and federal aid roads on the county road system, setting forth a general description of the roads to be constructed, the location of bridges constituting a part of the program, the approximate total mileage, and the priority of construction. After approval of such program by the department and the bureau of public roads, the board may submit such program to the electors of the county with the question of levying a tax of not to exceed ten mills upon the net taxable assessed valuation of all property in the county for the completion of such program by matching, from the proceeds of such tax, federal funds available for federal aid, secondary and feeder roads, farm to market roads, and all roads as provided for under Public Law 769, 81st Congress, or future federal aid highway acts of a similar character. If the majority of the electors voting on the question approved such program and levy, annually thereafter until such program is completed the board shall levy a tax not in excess of ten mills, which levy shall not be subject to the county mill levy limitations, and the proceeds of such tax shall be used only for matching federal aid available for such program which shall be the official county road program."

## V.

That in conformance to Section 57–15–06.3 of the North Dakota Century Code, the Board of County Commissioners of Grand Forks County, North Dakota on the 24th day of May, 1960, passed a resolution which provided that a proposed 3 mill tax levy against all of the taxable property in said county, to be levied for the purpose of matching Federal funds to build farm-to-market roads, be submitted to the voters of said county for approval or rejection. The full text of said resolution, with exception of the specific roads to be improved under such program, is as follows:

"BE IT HEREBY RESOLVED by the Board of Commissioners of GRAND FORKS County, North Dakota, as follows:

"WHEREAS, the Board of County Commissioners of GRAND FORKS

COUNTY has prepared a proposed County Construction Program of Farm to Market and Federal Aid Roads, setting forth a general description of the roads to be constructed, the location of the bridges constituting a part of the program, the approximate total mileage and the priority of construction, and;

"NOW, THEREFORE, BE IT RESOLVED that said program be submitted to the electors of GRAND FORKS County, along with the question of levying a tax of not to exceed three (3) mills annually until the program is completed, upon the next taxable assessed valuation of all the property in the County for the completion of said program by matching from the proceeds tax, federal funds available for Federal Aid, secondary and feeder roads, farm to market roads and all roads as provided for under Public Law 769, 81st Congress or future Federal Aid Highway Acts of a similar character, all in conformity with Section 57–1506.3, North Dakota Revised Code of 1943, 1957 Supplement, and;

"BE IT HEREBY FURTHER RESOLVED, that said questions shall be submitted to the electors at a SPECIAL Election to be held June 28, 1960, and that the County Auditor be authorized and instructed to place said questions on the ballot."

That a special election was held on such questions on June 28, 1960, and a majority of the electors voting on the question approved such program and levy, annually thereafter until such program is completed. That since such election, said levy has been assessed down to date hereof.

## VI.

Section 24–08–08 of the North Dakota Century Code provides as follows: "The county treasurer of each county wherein any city or municipal corporation shall have constructed a bridge, or hereafter shall construct a bridge, over any navigable stream, shall pay to the treasurer of such city or municipality whereby such bridge has been constructed or is about to be constructed, all money in the county treasury or which may come into the county treasury in the bridge fund of such county, which may have been or which shall be levied, assessed, and collected from persons and property, or either, in said city or municipality."

## VII.

That under Section 24–05–01 of the North Dakota Century Code, Defendant has not paid Plaintiff the full twenty per cent (20%) of the proceeds of such tax collected on real or personal property situated within the City of Grand Forks by the treasurer of the County of Grand Forks, and, further, Defendant has not paid Plaintiff the full twenty per cent of other taxes originally levied for other purposes and appropriated or transferred to the County road fund or expended for road and bridge purposes; that this non-payment, as far as Plaintiff is concerned, has existed for an unknown number of years in the past and down to the current date, except for certain payments received by Plaintiff from Defendant, including a payment of $20,252.51 received by Plaintiff from Defendant on April 17, 1958.

## VIII.

That Defendant has not paid over to the treasurer of the City of Grand Forks any tax monies levied pursuant to Section 57–15–06.3 of North Dakota Century Code and the June 28, 1960, special election conducted thereunder; that the extent of such levies are unknown to Plaintiff.

## IX.

That Defendant has levied and collected tax monies under Sections 24–05–01

and 57–15–06.3 (and special election of June 28, 1960) of North Dakota Century Code.

## X.

That Defendant has not heretofore maintained a separate bridge fund from which expenditures have been made in payment of bridge and culvert costs incurred pursuant to Chapter 24–08 of North Dakota Century Code; that such expenditures have been made directly from the general fund of the county.

## XI.

That Defendant has not made any accounting or paid over to the treasurer of the City of Grand Forks any tax monies appropriated and expended for bridge purposes from the general fund of the county.

## XII.

That the City of Grand Forks is currently constructing the Skidmore Avenue Bridge across the Red River, a navigable stream.

## XIII.

That heretofore, and prior to commencement of this action, Plaintiff demanded of Defendant that it pay over the amounts Plaintiff alleges is due it under the sections of the law herein specified, but Defendant has not done so, other than the April 17, 1958, payment, described in paragraph VII herein.

## XIV.

That Defendant is the collector of tax monies for Plaintiff and maintains records thereof; that Defendant makes the fund transfers in question; that while Plaintiff has not demanded an accounting heretofore, Defendant denies application of the hereinabove described statutes and thereby Defendant feels any accounting be unnecessary.

Upon the foregoing facts and upon the motion of the Plaintiff, the District Court of Grand Forks County, First Judicial District, hereby certifies to the Supreme Court of the State of North Dakota for its review and determination the following questions, to-wit:

1. Under Section 24–05–01 of North Dakota Century Code, is City of Grand Forks entitled to twenty per cent (20%) of the proceeds of taxes collected on account of real or personal property situated within the City of Grand Forks under the allowable mill levy for improvement of highways?

2. Under Section 24–05–01 of North Dakota Century Code, is City of Grand Forks entitled to twenty per cent (20%) of the proceeds of any taxes collected on account of real or personal property situated within the City of Grand Forks and originally levied for other purposes:

(a) if appropriated or transferred to the County road fund?

(b) if expended for road and bridge purposes?

(c) if expended for bridge purposes?

3. If answer to either or both of questions number 1 and 2 is yes, then is City of Grand Forks entitled to its share of all back years where accountings show monies due it?

(a) If not for all years showing monies due it, then for how many years?

4. Are tax monies collected by Defendant under Section 57–15–06.3 of North Dakota Century Code, and the special election held in Grand Forks County on June 28, 1960, payable to Plaintiff on the basis of twenty per cent (20%) of the proceeds collected on account of real or personal property situated within the City of Grand Forks pursuant to Section 24–05–01 of North Dakota Century Code, including the clause therein which provides, "The pro-

visions of this section in regard to allocation shall apply to the proceeds of any tax originally levied for other purposes if appropriated or transferred to the county road fund or for expenditure for road and bridge purposes?"

5. If answer to question 4 is yes, then is City of Grand Forks entitled to its share of such tax monies for all back years collected?

(a) If not for all back years, then for how many years?

6. Under Section 24-08-08 of North Dakota Century Code, is the City of Grand Forks entitled to one hundred (100) per cent of taxes collected on account of real and personal property situated within the City of Grand Forks which are in or which may come into the county treasury in the bridge fund, for the current construction by the City of Skidmore Avenue Bridge across the Red River, a navigable river?

7. Under Section 24-08-08 of North Dakota Century Code, can the City of Grand Forks claim one hundred per cent (100%) of taxes collected on account of real or personal property situated within the City of Grand Forks, being expended by the county for bridge purposes, but which funds are not handled through a so-called "bridge fund" but being expended from the general fund; the funds sought by the City for the current construction of the Skidmore Avenue Bridge across the Red River, a navigable river?

8. If answer to either or both of questions numbered 6 and 7 is yes, then is the City of Grand Forks entitled to its share of such tax monies for all back years where accountings show monies due it?

(a) If not for all years showing money due it, then for how many years?

The District Court further certified that said questions have been determined as follows:

1. Yes.

2. a. Yes.

b. Yes.

c. Yes.

3. Yes.

a. For as many years as an accounting may show monies due.

4. Yes.

5. Yes.

a. All years levy made where an accounting shows monies due.

6. Yes.

7. Yes.

8. Yes.

a. All where an accounting shows monies due.

The District Court further certifies that the questions have been answered as above set out and that the proper answers are in doubt but are vital or of great moment in the cause and will be principally determinative of the said cause.

\* \* \* \* \* \*

Section 32-24-02, N.D.C.C., provides:

"Certification is discretionary with court.—In all actions, both civil and criminal, the matter of certifying a question shall be in the sound discretion of the trial judge, and the supreme court may refuse to consider the same if it is frivolous, or is merely interlocutory in its nature, or otherwise not of sufficient importance to determine the issues in the cause at bar."

In several decisions we have defined what is requisite to appellate jurisdiction in the consideration of certified questions of

law permitted under the statute quoted above. The trial court must first exercise its discretion in determining that the questions to be certified are doubtful and it must be made to appear that the case in which they arise will depend wholly or principally upon the construction of law applicable to the questions certified. School Board of Eagle Public School District No. 16 v. State Board, N.D., 126 N.W.2d 799; Meckle v. Hoffman, N.D., 78 N.W.2d 166; State v. Lohnes, N.D., 69 N.W.2d 508; Minnkota Power Co-op. Inc. v. Kyser, 78 N.D. 102, 48 N.W.2d 34; State v. Elkin, 68 N.D. 93, 277 N.W. 89; Union Insurance Agency of Minot v. Insurance Company of North America, 50 N.D. 606, 197 N.W. 225; Harrington v. Eggen, 50 N.D. 569, 197 N. W. 136; Malherek v. City of Fargo, 48 N.D. 1109, 189 N.W. 245.

■ The questions of law must be clearly and distinctly stated. State v. Elkin, supra; Malherek v. City of Fargo, supra. They should not involve questions of fact or mixed law and fact. In re Holy-Elk-Face, N.D., 104 N.W.2d 308; Minnkota Power Co-op v. Kyser, supra; State v. Elkin, supra; State v. Fahn, 52 N.D. 134, 202 N.W. 130; Stutsman County v. Dakota Trust Company, 45 N.D. 451, 178 N.W. 725. Advisory opinions to the trial court are not contemplated by the statute. Backman v. Guy, N.D., 126 N.W.2d 910; Meckle v. Hoffman, supra; Minnkota Power Co-op Inc. v. Kyser, supra; Ullman v. Campbell, 51 N.D. 198, 199 N.W. 482.

We will now consider the questions certified to us in the light of the principles announced in our statute and the prior decisions of this court. The certified questions relate to certain statutes which are correctly quoted in the trial court's order certifying the questions. This case was commenced in March of 1962 and the statutes then in force are the ones we will consider in this opinion.

■ Certified questions number one, two, and three involve Section 24–05–01,

N.D.C.C., and will be considered together. It has been suggested by some of the members of this court that certified question number one may be ambiguous in that it does not necessarily restrict the application of the answer to taxes collected and levied under the provisions of Section 24–05–01, N.D.C.C. However, this question was not raised by either of the parties. When we consider the subject matter of all the certified questions, it then becomes clear that it is intended that certified question number one is limited in its scope to the tax which is authorized and levied under Section 24–05–01, supra, and we so construe it. The statute is clear and free from all ambiguity. The words speak for themselves and need no construction. We find that certified questions number one and two must be answered in the affirmative.

■ Counties are within the terms of the statute of limitations. It runs for them as well as against them. Rosedale School District No. 5 v. Towner County, 56 N.D. 41, 216 N.W. 212. However, it must be taken by answer as required by Section 28–01–39, N.D.C.C., and Rule 8(c), N.D.R.Civ. P., to be applicable. Section 28–01–16, N.D.C.C., provides that an action upon a contract, obligation, or liability, express or implied, must be commenced within six years after the cause of action has occurred. The state of the record in this case does not disclose that the statute of limitations was pleaded by answer; however, it does appear from the questions certified by the trial court that the affirmative defense was somehow placed in issue. We cannot determine from the record before us how this was done. On the basis of the record before us, our answer may not be determinative of the issue and may be merely advisory. For this reason, we must decline to answer certified question number three.

■ Certified question number four we answer in the negative. The statute, Section 57–15–06.3, supra, without reference to the amendment found in Chapter 382 of the Session Laws of 1963, is also free and clear

from ambiguity. It specifically requires a proposed county road construction program, qualified for federal aid as described therein, be adopted by the board of county commissioners. It must then be approved by the bureau of public roads and finally submitted to the electors of the county for approval at an election. The electors of the county at this election also vote on the question of levying a tax to pay the county's share of the cost. If the questions are approved by the electors of the county, the amount of the levy is not controlled by county mill levy limitations "and the proceeds of such tax shall be used *only* for matching federal aid available for *such* program which shall be the official county road program." (Emphasis supplied.) This clearly refers to the proposed county road construction program as adopted and approved. Thus the statute clearly limits the use of the tax moneys collected under the levy as matching money to match federal aid available or to be made available for the county road program adopted by the county commissioners, approved by the bureau of public roads and the electors of the county. There is no authority to transfer any of the funds. The statute is restrictive in nature. That this was the legislative intent is crystal clear by Chapter 382 of the Session Laws of 1963. A negative answer to certified question number four eliminates the necessity of answering certified question number five.

Certified questions number six, seven, and eight relate to Section 24–08–08, supra. This statute was adopted in 1890 and has never been amended. It has been carried into the various revisions and compilations of our Code without change. It withstood a challenge to its constitutionality in 1911. State ex rel. Hagen v. Anderson, 22 N.D. 65, 132 N.W. 433. The parties to this action stipulated the facts. Insofar as they are material to these questions, it was stipulated that the city is constructing a bridge across a navigable stream; however, it was also stipulated that the county has not heretofore maintained a bridge fund but that the cost of bridges and culverts has been paid by the county directly from its general fund. Nowhere in the stipulation does it state when this may have occurred and we do not know whether this practice is currently being carried out. We cannot determine from the stipulation of facts or the court's order certifying questions to this court whether a levy is currently being made for bridge purposes, nor whether there are taxes being collected or outstanding under such a levy. We note that the stipulation specifically provides that the county has levied and collected tax moneys under Sections 24–05–01 and 57–15–06.3, N.D.C.C., but no mention is made of any levy under Chapter 24–08 or otherwise for bridge purposes. Thus the facts necessary to a determination of this question have not been established by the stipulation and what may develop on a trial of the question is unknown to us. The answer to this question would be merely advisory. For this reason, we must decline to answer questions number six, seven, and eight.

The case is remanded for further proceedings conformable to law.

ERICKSTAD, J., and EUGENE A. BURDICK, District Judge, concur.

BURKE, C. J., did not participate.

STRUTZ, J., did not participate, Honorable EUGENE A. BURDICK, District Judge, sitting in his stead.

KNUDSON, J., not being a member of this Court at the time of submission of this case, did not participate.