## UNION INSURANCE AGENCY OF MINOT, NORTH DAKOTA, a Corporation, Plaintiff, v. THE INSURANCE COMPANY OF NORTH AMERICA, a Corporation, Defendant.

(197 N. W. 225.)

**Appeal and error — how jurisdiction to determine certified question conferred, stated.**

In order to confer jurisdiction upon the supreme court in cases certified under chapter 2, Session Laws of 1919, the question certified must be such that the determination of the cause in which it arises *will* depend wholly or principally upon the construction of the law applicable to such question.

Opinion filed February 5, 1924.

Appeal and Error, 3 C. J. § 928 p. 997 n. 92 New.

Case certified from the District Court of Ward County, *Kneeshaw,* J.

---

Note.—Jurisdiction to determine certified questions, see 2 R. C. L. 303; 1 R. C. L. Supp. 494.

Action by Union Insurance Agency of Minot against The Insurance Company of North America.

At the close of the plaintiff's case the defendant moved to strike a certain exhibit from the record.

Motion granted.

On application of the plaintiff, the question certified to the supreme court.

Cause remanded to the district court for further disposition, according to law.

*Palda & Aaker,* for plaintiff.

An order by a municipal contractor filed by the payee with the proper accounting officer of the city constitutes an equitable assignment of so much of the moneys owing the contractor as will equal the amount of the order.

A complaint in an action against a city on a written order given by a municipal contractor which recites that it was given in payment of labor performed for the latter is not defective in not alleging a consideration for such order.

An action at law may be maintained against a city on an order given on the city by a municipal contractor, though such order constitutes an equitable assignment of a fund owing the latter.

The objection that there is a nonjoinder of parties defendant cannot be raised by an objection to the introduction of testimony.

It is also urged by respondent that a court of law will not recognize an equitable assignment, and that a suit in equity is necessary. This objection would doubtless be good under the old authorities, but it does not apply to our system of procedure. The case of Grain v. Aldrich, 38 Cal. 514, 99 Am. Dec. 423, seems to be pertinent. Dickinson v. Spokane, 66 Pac. 381.

Although the action was originally commenced in equity, the court had authority to permit it to be tried as an action at law, there being nothing to give a court of equity jurisdiction thereof. The court did this, and a trial was had which to all appearances was a fair one, as there was no claim made by the defendant that he was suprised in any way, or prevented from having a fair trial, by reason of the action of the court in the premises. Surber v. Kittinger, 6 Wash. 240, 33 Pac. 507; Hurlbutt v. N. W. Spaulding Saw Co. 93 Cal. 55, 28 Pac. 795.

Formerly this twofold relief was sought in different courts, and by a different mode of procedure—one was called an action at law, and the other a suit in equity; and only by the rule given in § 166 could one have full relief by one action. Under the code there is but one court and one form of action, and, by a single complaint, the aggrieved party may have all the relief to which he is entitled. In seeking what is still called legal and equitable relief, he does not unite different causes of action, for there is but one; he only seeks the twofold relief for the one wrong. American Sav. Etc. Asso. v. Burghardt, 19 Mont. 323, 61 Am. St. Rep. 507, 48 Pac. 391.

Common-law forms of actions have been abolished in England and in many American jurisdictions, and a very simple system of procedure established by statute. This simple procedure had its origin in the state of New York and the system adopted there has been substantially adopted in the so-called code states of this country. It provides for only one form of civil action in place of the numerous forms of actions known to the common law. Moreover it is provided that in that one form of action all equitable as well as all legal relief may be obtained. 1 R. C. L. 331 and cases cited.

For a long period of time causes of action existing at common law were enforced in common-law courts, and by means of common-law forms of action, whereas causes of action existing in equity were enforced by courts of equity and by means of equitable forms of action; but constitutional provisions and statutes have worked havoc with the earlier procedure with the result that in many states the same courts have jurisdiction both in law and equity, and often there is but one form of civil action for the enforcement both of legal and equitable causes of action. 1 R. C. L. 333 and cases cited.

The interpretation of §§ 7442 and 7447, Rev. Codes of North Dakota, 1913, seem to be absolutely settled in this state, as are similar provisions in other states.

Those statutes require the matter (nonjoinder of parties) to be raised by demurrer if the defect of parties appears on the face of the complaint, and if not, to be taken by answer, and if not raised either by demurrer or answer, "the defendant shall be deemed to have waived the same." Wilbur v. Johnson, 32 N. D. 314; State ex rel. Viking Twp. v. Mikkelson, 24 N. D. 175; Van Gordon v. Goldamer, 16 N. D. 323;

Clements v. Miller, 13 N. D. 176; Olson v. Shiveley, 12 N. D. 106; Ross v. Page, 11 N. D. 458; James River Bank v. Purchase, 9 N. D. 280.

The defendant demurred to the complaint because it did not state facts sufficient to constitute a cause of action. There was no demurrer on the ground that there was a defect of parties. The complaint showed on its face that the assignor of the contract to Ross was not a party to the action. Held, that the objection that the assignor was not a party was waived and could not thereafter be raised by answer. Ross v. Page, 11 N. D. 458, 92 N. W. 822.

*Fisk, Murphy & Nash,* for defendant.

This court is a court of appellate jurisdiction only. To take jurisdiction of the questions certified in the manner in which the same are presented, is the indirect exercise of an original jurisdiction. Stutsman Co. v. Dakota Trust Co. 178 N. W. 725; Guilford School Dist. v. Dakota Trust Co., 178 N. W. 727.

The distinction between law and equity is as naked and broad as ever and to entitle the plaintiff to the equitable interposition of the court, he must show a proper case for the interference of a court of chancery. De Witt v. Hayes, 2 Cal. 463; Valker-Scowscroft Lumber Co. v. Vance, 36 Utah, 348, 103 Pac. 970; Worthington v. Warring, 157 Mass. 421; 1 R. C. L. p. 333, § 16.

Distinctions between actions at law and suits in equity which are intrinsic have not been and cannot be destroyed by a legislative fiat. Black v. Minneapolis & N. Elevator Co. 7 N. D. 129.

NUESSLE, J. In May, 1921 the defendant insurance company issued a $2,000 policy of fire insurance to the Minot Auto Company. The Minot Auto Company also had policies of insurance with other companies. The aggregate of such policies exceeded $4,000. In September, 1921, the property so insured was destroyed by fire. Thereafter the auto company assigned to the plaintiff its claim against the defendant insurance company and the other companies, on account of such fire loss, to the extent of $1,400. Such assignment is known in the record as Exhibit F. It appears that similar assignments were made to others and suits begun thereon.

The defendant company did not consent to this assignment and re-

fused to recognize the same, denied any liability on account of the contract of insurance and refused payment to the plaintiff. Thereupon the plaintiff brought this action on the assignment against the defendant company alone, claiming to recover the sum of $1,400 and interest. The defendant answered setting up various defenses as against the claim of loss. The cause came on trial to a jury. The plaintiff submitted its evidence, including Exhibit F, received over objection, in support of its complaint, and rested. Defendant's counsel then moved to strike out "Exhibit F and all testimony of the witness Stearns and Bratsberg touching the assignment by the auto company of a portion of the policy to the Union Insurance Agency on the ground and for the reason that it is disclosed on the face of Exhibit F that it is a partial assignment of the debt or in case of the policy a chose in action and not an assignment of the total amount due and is a splitting of the cause of action, and on the further ground that there is no testimony in the record showing that the insurance company defendant consented to such partial assignment or to any assignment whatsoever." And as a part of this motion defendant requested that the court take judicial notice of the records of the court in the other actions pending as against the defendant and the other insurance companies named in Exhibit F.

The plaintiff thereupon asked the court to certify the questions involved to the supreme court under the provisions of chapter 2 of the Session Laws of 1919, and asked that the decision of the motion and all other matters be held in abeyance until the decision of the Supreme Court on said questions so to be certified, and further asked and consented that the jury might be discharged from further consideration in said action. The trial judge granted the defendant's motion to strike the assignment Exhibit F from the record on the ground that the same was irrelevant and immaterial and that on the pleadings no cause of action could be based on the partial assignment and, in accordance with the plaintiff's request, discharged the jury and consented to and did certify the questions to the Supreme Court. The record and questions held to be raised are now here on such certification.

It was conceded by the plaintiff on the record that, if the motion to strike out was granted, it would be decisive of its case and that if such motion was granted, the plaintiff had no other further assignment,

either oral or written, that could be used to supplement or furnish any evidence in the case and that it was obliged to rest solely for the purpose of recovery on the strength of Exhibit F. The defendant did not join in the request to the court to certify the matter to the Supreme Court, nor did it assent to or acquiesce in such certification. Rather, the defendant is here in this court protesting such action on the part of the trial court and contending that this certification, if the same be considered and determined by this court, amounts to an indirect exercise of original jurisdiction on its part.

This court has heretofore considered the provisions of chapter 2, Laws of 1919, and passed upon the requirements for a certification thereunder. See Harrington v. Eggen, ante, 569, 197 N. W. 136; Malherek v. Fargo, 48 N. D. 1109, 189 N. W. 245; Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725; Guilford School Dist. v. Dakota Trust Co. 46 N. D. 307, 178 N. W. 727; and Clark v. Wildrose Special School Dist. 45 N. D. 497, 178 N. W. 730.

In the instant case the trial court ruled upon the questions raised, granted the plaintiff's request, halted all proceedings, discharged the jury and certified the questions to this court. It is to be noted that the questions so certified arose by reason of a motion requiring a ruling on a matter of evidence, a ruling purely interlocutory. The questions might or might not determine the issue — that is, finally and the legal controversy — depending upon what further legal questions might arise and how be disposed of and what further facts be established. Can the questions raised be said to determine the issue any more than any other questions raised and disposed of by an objection to and a ruling admitting or rejecting evidence? The defendant contends otherwise, and asserts that if the law be declared adversely to it on the controverted questions, it still has other matters of defense on the merits on which it relies which are not now here and which this court may not pass upon except in the exercise of its appellate jurisdiction. It appears from the record that this position is well taken.

The act provides that in the sound discretion of the trial judge, a certification of questions to the supreme court may be had "where any cause is *at issue . . . and the issue of the same will depend principally or wholly on the construction of the law applicable thereto* and

such construction or interpretation is in doubt and vital or of great moment in the cause," and further provides that

"The supreme court may refuse to consider the same (the question certified) if it or they are frivolous or are merely interlocutory in their nature or otherwise not of sufficient importance *to determine the issues in the cause at bar.*"

The aim of the statute is expedition. It is intended to afford a review of a determinative question of law without invoking the more lengthy process of statutory appeal. Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725; Malherek v. Fargo, 48 N. D. 1109, 189 N. W. 245; Harrington v. Eggen, supra. In order to come within the provisions of the act, it is not only necessary that the determination of the cause *may* depend wholly or principally upon the construction of the law applicable to the question certified, but that it *will* depend wholly or principally upon such construction of the law.

The cause will be remanded to the district court for further disposition according to law.

Bronson, Ch. J., and Johnson, Birdzell, and Christianson, JJ., concur.