CONRAD ULLMAN, as Trustee of the Estate of Melvin Francis
Campbell, Plaintiff, v. MELVIN FRANCIS CAMPBELL, De-
fendant.

(199 N. W. 482.)

**Appeal and error — law providing for the certification of questions of
law to the supreme court does not contemplate advisory opinions.**

1. Chapter 2, Laws of 1919, providing for the certification of questions of
law to the supreme court does not contemplate the making of mere advisory
opinions to the trial court.

**Appeal and error — questions certified for the benefit of person not party
of the action will be dismissed.**

2. Where on the trial of a cause the trial court passes upon and determines
all the issues arising therein and enters a judgment which is in effect final,
and neither party to the litigation is dissatisfied with such judgment or com-
plains on account thereof, but the matter is certified to the supreme court for
review in order to meet the requirements of a third party, it is *held* that the
case is not within the provisions of chapter 2, Laws of 1919, and the proceed-
ing must be dismissed.

Opinion filed June 23, 1924.

Appeal and Error, 3 C. J. § 928 p. 997 n. 92 New.

Cases certified from district court of Pierce County, *Burr, J.*
Proceeding dismissed.

*Harold B. Nelson,* for plaintiff.

"When the court is moved on behalf of an executor, trustee or cestui
que trust, and to insure a correct administration of the power con-
ferred by will, jurisdiction is had to give a construction to a doubtful
or disputed clause in a will. The jurisdiction is incidental to that over
trusts." 3 Pom. Eq. Jur. 4th ed. p. 2739, § 1156 and cases there cited.

There is a presumed intention embraced in the language of every
trust prohibiting the trustee from destroying or permitting the destruc-
tion of the subject of the trust. See Ruggles v. Tyson, 104 Wis. 509,
48 L.R.A.809, 79 N. W. 766, 81 N. W. 367; Bloor v. Smith, 112 Wis.
340, 347, 87 N. W. 807.

When the welfare of the child requires it, and especially when the

legacy or income is a small one, the court will permit an encroachment upon the principal. Longwith v. Riggs, 123 Ill. 258, 14 N. E. 840; Re Miller, 29 Hun, 418; Stevens v. Howard, 32 N. J. Eq. 244; Re Potts, 1 Ashm. (Pa.) 340.

When beneficiaries under a testamentary trust knowingly receive money derived from a mortgage executed even though without authority they are estopped from denying the validity of such mortgage. Williamson v. Grider, 135 S. W. 361.

No appearance for defendant.

NUESSLE, J. Conrad Ullman is the trustee of certain real property under the will of Seth H. Campbell, deceased. Melvin Francis Campbell, now twenty-two years of age, is the sole beneficiary of the trust and the sole remainderman upon the termination thereof. Ullman desired to mortgage the trust property, and being uncertain as to his powers as trustee, brought this action in the district court in order that the trust be construed by the court. Incidentally this involved the construction and interpretation of the will creating the trust. In this action he made Melvin Francis Campbell the defendant. The defendant answered, admitting all the matters and things set out in the plaintiff's complaint, and joined in the prayer thereof that the trustee be held empowered to mortgage the property. The matter came on to be heard. There was no controversy as to the facts. Testimony was offered and received. Both sides rested, whereupon counsel for the plaintiff moved "that the court enter an interlocutory judgment interpreting the provisions of the will, determining the right of the trustee to mortgage the real property described in the proceedings for the purpose of paying existing liens and charges against said property, and upon such judgment being entered, to certify the matter to the supreme court." The court granted such motion, made its findings of fact, and held as a conclusion of law:

"That the plaintiff is entitled to the judgment and decree of this court construing the provisions of the last will and testament of Seth H. Campbell, deceased, that the said trustee has authority under the facts herein and said will, to mortgage the property held in trust by him, for the purpose of paying existing liens, encumbrances and charges thereon," and ordered that an "interlocutory" judgment be en-

tered accordingly. What is denominated an interlocutory judgment was entered in accordance with the findings, conclusion and order. The court then certified the matter to this court for disposition under the provisions of chapter 2, Session Laws 1919.

The statement of facts and certificate of the district court are as follows:

. "That during the year 1914 one Seth H. Campbell was the owner and possessed of the following described real property situated in Pierce county, North Dakota:

"The east half of the southwest quarter ($E\frac{1}{2}SW\frac{1}{4}$) and lots three (3) and four (4) of section thirty (30), township one hundred fifty-seven (157), north, of range seventy-two (72) west; and the southeast quarter ($SE\frac{1}{4}$) of section twenty-five (25), township one hundred fifty-seven (157), north, of range seventy-three (73) west;' and on the 31st day of July, A. D. 1914, made and published his last will and testament, devising said property to his wife Bridget Campbell for life and upon her death to Conrad Ullman, in trust for his minor son, Melvin Francis Campbell, until he should attain the age of twenty-seven years and that upon the said Melvin Francis Campbell obtaining his majority that he be let into possession of said premises; that out of the income, rents and profits from said real property and the investments of said estate and such additional estate as may accumulate the said Melvin Francis Campbell be furnished the necessities and comforts of life and a liberal education as befits his station in life; that Bridget Campbell died during the year 1920; that Melvin Francis Campbell married and that there has been born, as the issue of said marriage, two children, both of whom, with the wife, reside with the said Melvin Francis Campbell on the premises hereinbefore described; that the possible remaindermen, Mrs. Jessie Waldo and Mrs. Agnes Ullman have quit-claimed to Melvin Francis Campbell any and all interest in the real property hereinbefore described and the estate of Seth H. Campbell, deceased, and that Melvin Francis Campbell, the defendant, has the whole beneficial interest in and to the real property above described and said estate; that there are valid existing past due liens, to wit: taxes and mortgages upon the above described real estate in the sum of approximately $3,300 and that in addition thereto there are valid charges against said estate, for costs of administration, support

of the minor, Melvin Francis Campbell, etc., in the sum of approximately $2,000; that in order to preserve said estate it is necessary that a mortgage be placed on said real estate and that the Bank of North Dakota has signified its willingness to make a loan on said premises providing the supreme court of the state of North Dakota determine that said trustee has authority to mortgage said real property for the purpose of paying existing liens, encumbrances and charges thereon, and that the said Bank of North Dakota is the only source from which said loan can be procured; that exhibit 1, offered and received in evidence herein is a true and correct copy of the last will and testament of Seth H. Campbell, deceased.

"Upon the foregoing statement of facts the district court of Pierce county, North Dakota, hereby certifies to the supreme court of the state of North Dakota for review and affirmance or reversal the question:

"Has the testamentary trustee herein authority to mortgage the trust estate to pay existing liens, incumbrances and charges thereon where necessary to preserve the estate, and where the authority to mortgage is not expressly given in the instrument creating the trust?

"The district court of Pierce county, North Dakota further certifies to the supreme court of the state of North Dakota, that said question has been affirmatively adjudicated and determined by the district court of Pierce county, North Dakota, and that the determination thereof is doubtful, vital and will be principally determinative of the issues in this case."

This court has had occasion at various times heretofore to pass upon chapter 2, Sess. Laws 1919, and matters certified thereunder. See Union Ins. Agency v. Insurance Co. of N. A. 50 N. D. 606, 197 N. W. 225, and cases therein cited. In the instant case it appears that the vital question of law involved was passed upon and determined by the trial court. It further appears that such determination was agreeable to and consistent with the prayers for relief of both the plaintiff and defendant. The result arrived at was exactly that contended for by each of the parties, between whom there was no difference or disagreement. The only reason that can be urged in support of a review by this court of the determination of the district court is that a third party desires an opinion of this court on the matter determined by the trial court

before it will enter into a proposed business transaction with the plaintiff.

We have heretofore held that this statute does not contemplate the making of mere advisory opinions to the trial court. See Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725. It seems to us that in the instant case the judgment ordered by and entered in the trial court finally disposed of the matter. Neither party is dissatisfied with that judgment, and neither desires that it be reversed. On the contrary, both wish that judgment to be confirmed and reinforced by the formal approval of this court. While it is possible that later on the district court may be required to pass upon the particular items to be paid from the avails of any mortgage made by the trustee under the judgment, nevertheless that judgment in effect finally disposed of the action. We think that the instant case is not within the statute, and the proceeding must be dismissed. See Harrington v. Eggen, 50 N. D. 569, 197 N. W. 136, and cases cited.

It is so ordered.

BRONSON, Ch. J., and CHRISTIANSON, BIRDZELL, and JOHNSON, JJ., concur.