STATE OF NORTH DAKOTA, Plaintiff, v. MIKE FAHN, Defendant.

(202 N. W. 130.)

**Appeal and error — question held one not properly certified to the Supreme Court — question of law certified to the Supreme Court must be clearly stated and must not involve fact questions.**

Where questions are certified to the Supreme Court, under chapter 2, Session Laws, 1919, providing for the certification of questions in certain cases, it is held, that the question is not within the purview of the statute when the answer to the question certified turns upon issues or facts not clearly settled or ascertained; that the question of law must be clearly stated and not involve questions of fact or those of mixed law and fact, involving inferences of fact from particular facts stated, following Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725.

Opinion filed December 31, 1924.

Appeal and Error, 3 C. J. § 928 p. 997 n. 92 New.

Questions of law certified to the Supreme Court by the District Court of Ramsey County, North Dakota, *Buttz, J.*

Proceedings dismissed.

*S. W. Thompson,* for the state.

*Cuthbert & Adamson,* for defendant.

JOHNSON, J. This is a proceeding under chapter 2, Session Laws, 1919, providing for the certification of questions in certain cases.

The background of facts, as they appear in the record, is as follows: On August 11, 1924, a search warrant was issued out of a justice court in Ramsey county, directing the sheriff to search certain premises therein described. The search warrant was issued upon an affidavit alleging that the defendant had in his possession intoxicating liquors in violation of law. The warrant was not executed until the 4th day of September, 1924, and the sheriff's return shows that he found upon the premises two and one-half gallons of moonshine alcohol and a com-

Note.—Definiteness of question to be certified, see annotation in 31 L.R.A. 392; 2 R. C. L. 303; 1 R. C. L. Supp. 494.

plete still in operation. On September 20, the defendant made a motion in the district court of Ramsey county for an order, in advance of the trial, barring the State from offering in evidence on the trial of the defendant any of the articles and things enumerated in the sheriff's return, on the general grounds that the search warrant was illegal, that the sheriff obtained possession of the liquor and the apparatus while engaged in. the commission of a trespass, and in violation of the rights of the defendant as secured by the 4th and 5th amendments to the Constitution of the United States, and by § 18 of the Bill of Rights of the Constitution of North Dakota. The court denied the motion, but at the request of counsel for the State and for the defendant, certified two questions of law to this court, pursuant to the provisions of chapter 2, Session Laws, 1919. No testimony was taken; the case had not been called for trial; and the record does not disclose whether any information has in fact been filed.

The questions submitted and certified to this court are in the following form:

1. "Whether the search and seizure in said case was unreasonable and unlawful and in violation of the constitutional rights of defendant; and,

2. "Should the motion to suppress be granted?"

This court has had occasion to consider chapter 2, Session Laws, 1919, in several cases. The first two cases, the opinions having been filed on the same day, in which the statute was involved, are Guilford School Dist. v. Dakota Trust Co., 46 N. D. 307, 178 N. W. 727, and Stutsman Co. v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725. In the former it was held that this court had no jurisdiction over a certified question in the absence of a ruling thereon by the trial court; and in the second case this court refused to take jurisdiction apparently because the question certified was one of mixed law and fact, requiring this court to draw "inferences of fact from particular facts stated." It was said in both cases that the statute did not contemplate advisory opinions or an exercise of original jurisdiction by this court. In Clark v. Wildrose Special School Dist. 45 N. D. 497, 178 N. W. 730, the proceeding was held not within the contemplation of the statute for reasons substantially identical with those assigned in the Guilford School Dist. Case, supra. In Malherek v. Fargo, 48 N. D. 1109, 189 N. W.

245, the proceeding was not within the purview of the statute for the reason that there the application to this court was, in effect, for a review of the legal sufficiency of the evidence to show notice to the city of the alleged ice and snow upon the sidewalk. In Union Ins. Agency v. Insurance Co. of N. A. 50 N. D. 606, 197 N. W. 225, this court declined jurisdiction of certified questions for the reason that it did not appear that the determination of the case "will depend wholly or principally upon" the construction of the law applicable to the question certified. In Harrington v. Eggen, 50 N. D. 569, 197 N. W. 137, this court held that whether the trial court abused its discretion in refusing to settle a statement of the case after time, on the ground, among others, that no good cause for extending the time for settling the same had been shown, was not a proper question for certification. In Ullman v. Campbell, 51 N. D. 198, 199 N. W. 483, we held, in substance, that the statute did not contemplate advisory opinions, or the certification of questions for the sole benefit of third persons.

It must be plain that neither question can be answered without reference to facts. Where are the facts to be found? The facts are in effect stipulated, and a statement thereof appears in the affidavit of the deputy sheriff. In this affidavit the sheriff recites the circumstances of the seizure, to the effect, in general, that he did not exhibit the search warrant, which it is now claimed was at that time defunct, (See § 11,139, Comp. Laws, 1913) and that the wife of defendant made no resistance whatever to the search and in no manner attempted to prevent a search of the premises. The court is asked, not only to determine what the ultimate facts are, but to draw inferences from such facts. The case is the same as if the questions certified had been accompanied by a formal stipulation of facts signed by the parties. That was the situation in Stutsman County v. Dakota Trust Co. supra. In refusing to adjudicate the questions submitted in that case, this court said: "In order, therefore, that this court may exercise its appellate jurisdiction in the consideration of a certified question of law, it is essential that the trial court must first exercise its sound discretion in determining that the question of law to be certified is doubtful, vital, and principally determinative of the issues in the case. This is essential in order that cases may not be delayed, and that the question of law certified (to become the law of the case when determined)

*be not made determinative upon issues or facts not clearly settled or ascertained.* It is further necessary that the trial court determine, settle, adjudicate, and certify to the formulated question of law. *The question of law must be clearly stated, and not involve questions of fact or those of mixed law and fact, involving inferences of fact from particular facts stated in the certificate.* It must be so distinctly stated that it can be answered and determined by this court without regard to other issues of law or of fact. Otherwise this court may be required to pass upon and determine the issues of law or of fact presented as original questions. In the case at bar this precedure has not been followed. It cannot, therefore, assume jurisdiction." (Emphasis is ours). The case at bar is controlled by the foregoing statement of the law under facts that cannot be distinguished, in principle, from the facts here.

The proceedings are dismissed.

BRONSON, Ch. J., and CHRISTIANSON, NUESSLE, and BIRDZELL, JJ., concur.