[File No. Cr. 152.]

STATE OF NORTH DAKOTA, Plaintiff, v. NATE ELKIN, Defendant.

(277 N. W. 89.)

Opinion filed January 3, 1938.

*A. R. Bergesen,* State's Attorney, and *Ralph F. Croal* and *Odin Strandness,* Assistant State's Attorneys, for plaintiff.

*Aaron Aronson* (*C. J. Serkland* of counsel), for defendant.

BURR, J. The defendant was arrested on a complaint charging him with "selling assorted fruits without a transient merchant's license," the specific provision being the violation of § 3036 of the Supplement.

On the trial of the case, apparently before the court without a jury, the state introduced two witnesses and rested. The defendant moved "for dismissal on the ground no facts which constitute the commission of a crime in this matter have been shown."

Section 3036 of the Supplement deals with the "taxation of transient merchants" and contains this definition: "A transient merchant within the meaning of this act is defined as one who engages in the vending or sale of merchandise at any place temporarily, and who does not intend to become and does not become a permanent merchant of such place, provided that the word merchandise as used herein shall not be construed to mean any agricultural product."

The court was concerned with two matters: first, whether the merchandise involved in the action was included in the classification known as "agricultural product," and, second (quoting the court), "whether or not the defendant in this case comes within the legal definition of a transient merchant."

The record shows that counsel for the state and for the defendant stipulated that the court could frame questions and certify them to this court for determination under the provisions of chapter 15B of the Code of Civil Procedure, being §§ 7849b1 to 7849b3 of the Supplement.

The court stated: "I am going to deny the motion, and because counsel on both sides are agreed that this matter ought to be certified to the Supreme Court for determination will make this statement, that in my opinion the issue in this case will depend wholly on the construction of the law as contained in our statute on these two points. . . . It is my opinion that this matter is so vital and of so great moment and concern as to justify certification of these points to the Supreme Court and I am, therefore, . . . certifying this matter to the Supreme Court for determination, and all further proceedings in

the case are, therefore, halted until said matter has been passed upon by the Supreme Court."

The foregoing record is taken from the transcript. The only other record we have referring to the matter is the certificate of the clerk attached to the documents transmitted, which documents the clerk certifies "are hereby transmitted to the Supreme Court of the State of North Dakota, pursuant to the Order of the Judge of the County Court for the determination of two questions as set forth in the Transcript." No further certification was made.

The court below did not pass upon these questions nor make any decision thereon, unless his denial of the motion to dismiss could be considered such determination. But it is clear from the record the denial of the motion was merely pro forma.

Under the provisions of the law sought to be invoked chapter 15B of the Code of Civil Procedure:

"Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction, in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court may, on the application of the attorney or attorneys for plaintiff or defendant in a civil case, and upon the application of the attorney for the plaintiff and defendant in a criminal cause, halt all proceedings until such question or questions shall have been certified to the Supreme Court and it or they have been determined." Supplement, § 7849b1.

"In order to confer jurisdiction upon the supreme court in cases certified under chapter 2, Laws 1919, the question certified must have been presented to and ruled upon by the court below." Guilford School Dist. v. Dakota Trust Co. 46 N. D. 307, 178 N. W. 727.

In Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725, this court announced the same principle, saying the court "may review a certified question of law determined or adjudicated by the trial court. It can neither give an advisory opinion nor try and determine questions of law or of fact as original questions."

The statute involved contemplates the certification to this court of some question of law applicable to the case when the "construction or

interpretation is in doubt and vital, or of great moment in the cause, . . ." and it is shown that the issue in the case "will depend principally or wholly on the construction of the law applicable thereto. . . ." Supplement, § 7849b1. But § 7849b2 provides "the supreme court may refuse to consider the same if . . ." they (the questions) "are merely interlocutory in their nature, or otherwise not of sufficient importance to determine the issues in the cause at bar."

If the purpose is to obtain a definition of the term "transient merchant" rather than the word "merchandise," then the question is not stated clearly and plainly.

"Questions of law certified to the Supreme Court under chapter 2, Laws 1919, must not involve an examination of the transcript of the evidence and a determination whether the evidence is sufficient to establish either a cause of action or some ultimate fact required to be established by a party to the action. In other words, the question of law certified 'must be clearly stated and not involve questions of fact, or those of mixed law and fact. It must be distinctly stated so that it can be determined by the Supreme Court, without regard to other issues of law or fact.' " Malherek v. Fargo, 48 N. D. 1109, 189 N. W. 245.

The question "certified must be such that the determination of the cause in which it arises will depend wholly or principally upon the construction of the law applicable to such question." Union Ins. Agency v. Insurance Co. of N. A. 50 N. D. 606, 197 N. W. 225.

In order to pass upon the second question we will be required to examine the testimony taken in the case to ascertain therefrom whether the defendant is shown to be a "transient merchant."

Where this court is requested "not only to determine what the ultimate facts are, but to draw inferences from such facts," the court will not entertain the proceedings. The question certified "must be so distinctly stated that it can be answered and determined by this court without regard to other issues of law or of fact. Otherwise this court may be required to pass upon and determine the issues of law or of fact presented as original questions," State v. Fahn, 52 N. D. 134, 136, 202 N. W. 130, quoting from Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725, supra.

The court overruled the motion to dismiss made at the close of the

state's case. The defendant did not rest. There is nothing to indicate that our answers will determine the prosecution finally, even if they may prove convenient for the court and the parties, and thus be advisory.

This court will not pass upon the legal sufficiency of the evidence in the case, Harrington v. Eggen, 50 N. D. 569, 197 N. W. 136, as this law "does not contemplate the making of mere advisory opinions to the trial court." Ullman v. Campbell, 51 N. D. 198, 199 N. W. 482.

For the reasons shown this court declines to entertain the proceedings and the matter is remanded to the trial court for such further action as may be necessary and expedient.

CHRISTIANSON, Ch. J., and NUESSLE and MORRIS, JJ., concur.