[File No. 7185]

MINNKOTA POWER COOPERATIVE, INC., a corporation, Plaintiff, v. W. R. KYSER, Defendant.

(48 NW2d 34)

Opinion filed May 15, 1951

*Cupler, Tenneson & Serkland,* and *Sharp & Saetre,* for plaintiff.

*Einar Johnson, James Leo,* and *Johnson & Rausch,* for defendant.

BURKE, J. By this action plaintiff sought to condemn a right

of way for an electric power transmission line across land owned by the defendant. The allegations of plaintiff's complaint in so far as they are here pertinent are: That plaintiff is a cooperative corporation organized under the laws of Minnesota and that it is authorized to do business in North Dakota; that it was incorporated for the purpose, among other things, of constructing, owning and operating electric power transmission lines; that it has been granted the power of eminent domain by the statutes of North Dakota; that the land sought to be condemned is required for a right of way. In his answer the defendant alleged: That plaintiff is a public utility and has failed to obtain from the Public Service Commission of the State of North Dakota a certificate of public convenience and necessity for the operation of its public utility in the State of North Dakota; that plaintiff, a foreign corporation has not qualified to transact business in the State of North Dakota; that plaintiff's proposed construction is not an extension of its Minnesota lines but an entirely new line wholly within North Dakota; that the right of way proposed by plaintiff is not compatible with the greatest public good and the least private injury; that the taking of the land described in the complaint is not necessary for the proposed construction and that the location of the transmission line is arbitrary and capricious.

When the action came on for trial a controversy immediately arose as to the nature of the issues which might be litigated therein. The parties, after a decision of the trial court upon such issues, stipulated that these issues be resolved into questions for certification to the Supreme Court. What transpired is set forth in the certificate of the trial judge. This certificate states:

"That before a jury was empanelled and sworn to try the case there were presented to the court for determination certain issues of law raised by the pleadings as to the right of the defendant in an eminent domain proceeding, to present evidence to the court that the location selected by the plaintiff was not compatible with the greatest public benefit and the least private injury, and that the location selected by the plaintiff was not necessary to the use claimed by the plaintiff; whether the

court had the right upon such evidence to determine said questions and to relocate, regulate and determine the place and location, and upon failure of the plaintiff so to do that the court could then dismiss the action; whether a nonprofit electric cooperative corporation such as the plaintiff was limited to the construction of extensions or acquisition of extensions of its existing lines in the foreign state, and whether the plaintiff was subject to all the rules and regulations of the Public Service Commission, except as to such matters excluded from its jurisdiction under Section 49–0213, North Dakota Revised Code of 1943; that after hearing arguments of counsel the court ruled adversely to the defendant upon all of said issues and ruled specifically that plaintiff could offer no evidence touching upon said issues, or any of them and determined that the only issue for trial was the question of damages."

The questions thereupon certified are as follows:

"1. Does not the defendant in an eminent domain proceeding have the right to present evidence to the court that the location selected by the plaintiff is not compatible with the greatest public benefit and the least private injury, and that the location selected by the Plaintiff is not necessary to the use claimed by the Plaintiff?

"2. Does not the court, upon considering all of the evidence presented in an eminent domain proceeding have the right to determine that the location of an easement sought by the plaintiff is not compatible with the greatest public benefit and the least private injury, and then to re-locate, regulate and determine the place and location of the easement?

"3. Does not the court in an eminent domain proceeding have the right, if it determines upon all the evidence, that the location selected by the plaintiff, is not compatible with the greatest public benefit and the least private injury, or that the taking is not necessary to the use claimed by the plaintiff to require plaintiff to submit a new location, or on plaintiff's failure to do so, to dismiss the action?

"4. Is not a foreign non-profit electric cooperative corporation that seeks to operate in the State of North Dakota under the electric cooperative corporation act of North Dakota limited to

the construction of extensions or acquisition of extensions of its existing lines in the foreign state?

"5. Must not a corporation operating as a non-profit electric cooperative corporation comply with all the laws, rules and regulations of the Public Service Commission of the State of North Dakota, except as to matters expressly excluded from such regulation under Section 49–0213 North Dakota Revised Code of 1943."

The certification of questions of law to the Supreme Court is authorized by Chapter 32–24 R. C. 1943. Sec. 32–2401 provides:

"Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such questions shall have been certified to the supreme court and by it determined."

Section 32–2402 provides:

"In all actions, both civil and criminal, the matter of certifying a question shall be in the sound discretion of the trial judge, and the supreme court may refuse to consider the same if it is frivolous, or is merely interlocutory in its nature, or otherwise not of sufficient importance to determine the issues in the cause at bar."

In several cases heretofore decided by this court we have considered the effect of these statutes, the nature of questions which may be certified for review and the scope of such review.

We have said that the question certified must be such that the determination of the cause in which it arises will depend wholly or principally upon constructions of law applicable to such question. State v. Elkin, 68 ND 93, 277 NW 89; Union Ins. Agency of Minot v. Insurance Co. of North America, 50 ND 606, 197 NW 225; Harrington v. Eggen, 50 ND 569, 197 NW 136; Mal-

herek v. City of Fargo, 48 ND 1109, 189 NW 245. We have also said, that the statute does not contemplate the giving of advisory opinions, (Ullman v. Campbell, 51 ND 198, 199 NW 482) and that the question must not involve questions of fact or those of mixed law and fact. State v. Fahn, 52 ND 134, 202 NW 130.

We shall consider the questions propounded in the light of these principles. Questions one, two and three are almost identical in effect and relate to a single issue in the law suit. That issue is whether the necessity of the taking of the property is a litigable issue in the law suit.

It is clear that a determination of a law suit will not depend wholly or principally upon a settlement of the issues to be tried in that suit. If we should give an affirmative answer to these questions, all the issues in the case would remain to be tried and the outcome of the suit would depend upon the evidence submitted. The question relates to an order of the court which is purely interlocutory and a decision thereon would be advisory in character.

Questions four and five relate solely to the capacity of the plaintiff to maintain this action. These questions are also interlocutory in nature. If we were to decide that plaintiff has capacity to sue, not a single issue arising in the law suit proper would be resolved.

"In order to come within the provisions of the act, it is not only necessary that the determination of the cause may depend wholly or principally upon the construction of law applicable to the question certified, but that it *will* depend wholly or principally upon such construction." Union Ins. Agency of Minot v. Insurance Co. of North America, 50 ND 606, 197 NW 225, 227.

For the reasons above stated, we decline to answer the certified questions and remand the case for further proceedings conformable to law.

NORRIS, C. J., CHRISTIANSON and GRIMSON, JJ., concur.

SATHRE, J., did not participate.