**Donna MECKLE, by her guardian ad litem, Emanuel Meckle, Plaintiff,**

v.

**G. C. HOFFMAN, Defendant.**

No. 7591.

Supreme Court of North Dakota.

Aug. 10, 1956.

W. J. Austin, Bismarck, Williams & Buehler, Garrison, for plaintiff.

Higgins & Donahue, Bismarck, and John E. Williams, Washburn, for defendant.

JOHNSON, Judge.

This is a proceeding under Chapter 32–24 of the 1943 Revised Code involving certification to this court of seven questions of law.

After this action had been at issue for several months, the defendant moved to serve and file an amended answer. He further moved that the questions raised by the amended answer be certified, after determination by the trial court, to the supreme court because of their status as vital questions in connection with the trial of the action. The motion was granted on the 7th day of November 1955 and an amended answer was served and filed.

We have before us only the pleadings in the action, the order granting the motion to file an amended answer, and the trial court's order certifying questions of law to this court.

As the certified questions relate mostly to the pleadings we will summarize the pertinent allegations of the complaint and the amended answer.

The plaintiff alleges that she is an infant 16 years of age; that her father, Emanuel Meckle, has been appointed as her guardian ad litem for the purpose of appearing for her in this action; that she was on the 24th day of April employed in a hotel at a compensation, including board and room, of the reasonable value of $50 per week; that the defendant, Hoffman, at said time was duly licensed to sell, and did sell, alcohol and alcoholic beverages in Big Bend, North Dakota; that George Laib was operating a motor vehicle at about 1:45 a. m. on April 24, 1954, on the Garrison Dam Access Road in an easterly direction, and that the plaintiff at the time and place was a passenger in a motor vehicle traveling west; that the defendant on April 23 and 24 and before 1:45 a. m. of the 24th of April, 1954, "acting under said license and upon said licensed premises by his agents or em-

ployees, wrongfully and unlawfully, sold, bartered and gave intoxicating liquor to the said George Laib, the said George Laib at the time being in the state of intoxication"; that as a result of the intoxication wrongfully and unlawfully produced and as a direct and proximate result of the sale, barter or gift of intoxicating liquor to him, he was unfit to operate a motor vehicle upon a public highway; that he drove his motor vehicle at excessive speed on the wrong side of the road without having it under control or keeping a proper lookout; "and that as a direct and proximate result of the intoxication and negligence as aforesaid, he (George Laib) did strike, run into and collide with the motor vehicle in which the said Donna Meckle was a passenger, causing her severe and serious physical injuries." Then the complaint sets out how she was injured, the loss of wages that she incurred, expenses for hospital, physician, and nursing care, and alleges that she has suffered bodily and mentally and has been damaged to the extent of several thousand dollars, and also demands punitive and exemplary damages.

The amended answer generally denies each allegation of the complaint except as admitted. It admits that the plaintiff is a minor; that a guardian ad litem has been appointed and that at the time and place stated a collision took place between the motor vehicle operated by George Laib and the motor vehicle in which Donna Meckle was a passenger. It also admits that on the 23rd of April 1954, "one or more employees of the defendant sold some beer to George Laib, under the defendant's license, but denies that the said sales were wrongful or unlawful, and declares it was made out of the presence of the defendant and not by his order." Then the defendant denies several allegations of the complaint for the reason that he does not have sufficient knowledge or information upon which to form a belief as to the truth or falsity thereof, except that the defendant admits that the plaintiff received severe physicial injuries in the collision, but the amount of the damages she suffered are unknown to the defendant as well as her present condition of health. The defendant then sets out by way of affirmative defense contributory negligence of the plaintiff; that she recovered in a tort action several thousand dollars against Harry Scholl, the administrator of the estate of George Laib, deceased; that this judgment was assigned by the plaintiff to the State Treasurer for the use and benefit of the Unsatisfied Judgment Fund pursuant to Section 39–1708, and that the plaintiff has received from said fund a total of $5,043.50; that said judgment "constitutes a complete bar and estoppel of the plaintiff to commence or continue the above entitled action, and that the plaintiff is not the real party in interest"; that "the complaint in the above entitled action does not state facts sufficient to constitute a cause of action", and asks for a dismissal.

The order certifying questions of law to this court states:

"This cause being at issue came on for trial on the 7th day of November, 1955 at 10 o'clock A.M., and the defendant moved for leave to file and serve an Amended Answer pleading as a defense the contributory negligence of the plaintiff and other allegations as more particularly set forth in the copy of the proposed Amended Answer, made a part of the record in this case and incorporated herein by reference.

"Upon the foregoing Motion resisted by the plaintiff and on Motion of the defendant for certification, the District Court in and for McLean County, North Dakota, hereby certifies to the Supreme Court of the State of North Dakota for its review and determination the following questions raised by the said Motion of the defendant to Amend, to-wit:

"1. In an action brought against a dealer in alcoholic beverages, under

the provisions of Section 5–0121 RC 1943, for damages caused by an automobile collision alleged to be proximately caused by an intoxicated third person, the Complaint alleging sale of intoxicating beverages by the dealer to the said third person while the said third person was in an intoxicated condition, may contributory negligence, in relation to the automobile collision, be pleaded as a defense?

"2. Can the defendant in the case described in the first question plead as a complete bar and estoppel to the action a prior judgment obtained by the same plaintiff for the damage caused by the same collision in an action not brought under Section 5–0121, against the administrator only, of the deceased third person, whose intoxication is alleged to have caused the collision and in which action defendant in this action took no part and was not notified to defend?

"3. Can the defendant plead as a defense, in the case described in the first question, that the plaintiff is not the real party in interest where the plaintiff, pursuant to the provisions of Section 39–1708 Supp.1953 has completely assigned the prior judgment to the State Treasurer?

"4. Can the defendant plead as an offset, in the case described in the first question, the amount lesser than the amount of the prior judgment, paid to the plaintiff from the Unsatisfied Judgment Fund pursuant to the provisions of Ch. 39–17 Supp.1953?

"5. If the judgment in the prior action referred to in question #2 is not a bar to the pending action, is the amount of damages established in said judgment controlling on any judgment rendered in the pending action?

"6. Did the trial court err in permitting defendant to plead new matter and affirmative defenses for the first time on the date set for trial?

"7. Can the defendant, in the case described in the first question, plead that the Complaint does not state facts sufficient to constitute a cause of action where the Complaint alleges only a sale or gift to an intoxicated person as creating the alleged liability under Section 5–0121 RC 1943?

"The said District Court further certifies that the said questions have been determined by it as follows:

"Question #1: Affirmatively (Negatively);
"Question #2: Affirmatively (Negatively);
"Question #3: Affirmatively (Negatively);
"Question #4: Affirmatively (Negatively);
"Question #5: Affirmatively (Negatively);
"Question #6: Affirmatively (Negatively);
"Question #7: Affirmatively (Negatively);

"That the proper answers are in doubt and vital and that the above entitled action will depend principally or wholly on the construction of the law applicable thereto and said questions are of great moment therein.

"Dated this 28th day of November, 1955."

The issue for our determination is whether or not the certified questions may be considered under the provisions of Section 32–24 NDRC 1943 as interpreted and applied by this court.

"Where any cause is at issue, * * and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment

in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant * * may halt all proceedings until such question shall have been certified to the supreme court and by it determined." Section 32–2401 NDRC 1943.

Questions of law may be certified to this court:

"* * * only after the trial court has ruled specifically upon the question to be certified, and then only when the court, in the exercise of its sound discretion, shall determine that the same is doubtful, vital, and principally determinative of the issues in the case, and when, further, it is made to appear that the same, when reviewed and determined by the supreme court will be *determinative upon the issues and facts * * *."* Section 32–2404 NDRC 1943. (Emphasis supplied.)

Chapter 32–24 of the 1943 Revised Code was enacted by Chapter 2 of the 1919 Session Laws. Its scope and purpose has been considered by this court in several cases. These cases hold that the questions certified must be such that the determination of the cause in which they arise will depend wholly or principally on the construction of law applicable to such questions. State v. Elkin, 68 N.D. 93, 277 N. W. 89; Union Ins. Agency of Minot v. Insurance Co. of North America, 50 N.D. 606, 197 N.W. 225; Harrington v. Eggen, 50 N.D. 569, 197 N.W. 136; Malherek v. City of Fargo, 48 N.D. 1109, 189 N.W. 245. The statute does not contemplate the giving of advisory opinions, Stutsman County v. Dakota Trust Co., 45 N.D. 451, 178 N.W. 725; Ullman v. Campbell, 51· N.D. 198, 199 N.W. 482.

It is apparent from the complaint and the certified questions that the plaintiff's cause of action, if any, is predicated upon Section 5–0121 NDRC 1943. The purpose of the pleadings is to define the issue and apprise the parties of what they must be prepared to meet at the trial of the action. The facts which must be established under Section 5–0121 NDRC 1943 have not been ascertained, nor are they admitted by the amended answer. It is elementary that the proof and not the pleadings determine whether a cause of action exists or not.

It is strenuously argued that Section 5–0121 NDRC 1943 does not apply. Under the state of the record, with only the pleadings before us, in which the essential facts are controverted, we are asked to determine the inapplicability of that statute. Unless the plaintiff can prove the facts that she has alleged, insofar as that statute is concerned, it is wholly immaterial as a legal proposition whether Section 5–0121 NDRC 1943 applies.

It will be noted that questions 1, 2, 3, 4 and 7 are requests for rulings as to what the defendant may plead by way of affirmative defenses. Question 5 relates to the effect of a prior judgment on any judgment that might be rendered in this action, and question 6 asks us to determine in advance of trial, whether it was error to permit the defendant "to plead new matter and affirmative defenses for the first time on the date set for trial."

There are no limitations upon the defenses that may be pleaded. Generally the answer of the defendant must contain a general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief, and a statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition. Section 28–0710 NDRC 1943.

In State v. Elkin, 68 N.D. 93, 98, 277 N.W. 89, 91, it is stated:

"There is nothing to indicate that our answers will determine the prosecution finally, even if they may prove convenient for the court and the parties, and thus be advisory."

This language seems quite applicable here. If we should give answers to the certified questions, still the essential issues in this case will remain to be tried and the outcome will depend upon the evidence submitted. It is, therefore, clear that the determination of the legal questions certified will not wholly or principally dispose of the issues to be tried in this action. Minnkota Power Cooperative, Inc., v. Kyser, 78 N.D. 102, 48 N.W.2d 34. Our disposition of the certified questions by definite answers thereto would amount to advice to the parties and to the court.

"In order to come within the provisions of the act, it is not only necessary that the determination of the cause may depend wholly or principally upon the construction of the law applicable to the question certified, but that it *will* depend wholly or principally upon such construction of the law." Union Ins. Agency of Minot v. Insurance Co. of North America, 50 N.D. 606, 197 N.W. 225, 227.

For the reasons heretofore set forth we decline to answer the certified questions and the case is remanded for further proceedings conformable to law.

BURKE, C. J., and SATHRE, MORRIS and GRIMSON, JJ., concur.