The SCHOOL BOARD OF EAGLE PUBLIC SCHOOL DISTRICT NO. 16 OF RICHLAND COUNTY, North Dakota, a Public Corporation, Plaintiff and Appellant,

v.

The STATE BOARD OF PUBLIC SCHOOL EDUCATION, a Public Corporation, M. F. Peterson, Superintendent of Public Instruction, The School Board of North Central Public School District No. 10 of Richland County, North Dakota, a Public Corporation, Mr. and Mrs. Eddie Ulven, Mr. and Mrs. Berger Moe, and Mr. and Mrs. Arlo Selstedt, Defendants and Respondents.

No. 8136.

Supreme Court of North Dakota.

March 5, 1964.

Johnson, Milloy & Eckert, Wahpeton, for plaintiff and appellant.

Helgi Johanneson, Atty. Gen., and Gerald W. Vande Walle, Asst. Atty. Gen., Bismarck, for defendants and respondents The State Board of Public School Education and M. F. Peterson, Superintendent of Public Instruction.

Lanier, Knox & Shermoen, Fargo, for defendants and respondents The School Board of North Central Public School District No. 10 of Richland County; and Mr. and Mrs. Eddie Ulven, Mr. and Mrs. Berger Moe, and Mr. and Mrs. Arlo Selstedt.

STRUTZ, Judge.

Four residents of the plaintiff school district made application to the district under the provisions of Section 15–40–17, North Dakota Century Code, as amended, for approval of the district for their attendance in the schools of the defendant North Central Public School District No. 10 of Richland County. The plaintiff district denied all four applications.

An appeal was taken by the parents of the applicants to the appeals board as provided for in the above section of the statute, which appeals board consisted of the County Superintendent of Schools, the County Judge, and the State's Attorney of Richland County. The board approved the application of one of the applicants, and denied those of the other three.

The parents of the three students whose applications had been denied by the county board thereupon filed an appeal with the State Board of Public School Education, also as provided by this statute. The State Board of Public School Education dismissed all three appeals.

No petition for rehearing was filed with the State Board of Public School Education and no appeal was attempted from its decision. More than thirty days later, the State Board of Public School Education, on its own motion, reconsidered its action on the three applications and, on such reconsideration, approved all three applications.

The pertinent statute, Section 15–40–17 of the North Dakota Century Code, as amended, specifically provides for an appeal from the decision of the county board to the State Board of Public School Education, and further provides:

"*  *  *  and the decision of such board shall be binding upon all parties."

Section 28–32–14, North Dakota Century Code, provides for the filing of a petition for rehearing from decisions of any administrative agency, but no petition for rehearing was made within the fifteen days provided for the serving and filing of such a petition. Neither was an appeal attempted within thirty days as provided for appeal from decisions of administrative agencies.

The School Board of Eagle School District No. 16 has challenged the right of the State Board of Public School Education to reconsider its own decision on applications which it had denied, where no petition for rehearing was filed and where no appeal was taken from such determination. This action was commenced to ascertain whether the State Board of Public School Education could thus change its decision and, where it had attempted to do so, if there was an appeal from such new decision.

When the action came on for trial in the district court of Burleigh County, the defendants moved to dismiss the appeal on the ground that the statute makes no provision for an appeal from decisions of the State Board of Public School Education. This motion was resisted by the plaintiff. The parties thereupon determined that the issues involved in the action be stipulated in the form of four questions, which questions, after a decision of the trial court on each of them, be certified to the Supreme Court for determination.

The questions thus certified, with the answer of the trial court to each of them, are as follows:

"1. Where the State Board of Public School Education acting under section 15–40–17 of the North Dakota Century Code, as amended, makes a decision which requires the school board of students' residence to pay tuition charges to another school district for high school students attending the other district, and where the jurisdiction of the State Board of Public School Edu-

cation over both the subject matter and the parties is raised, is the order made by the Board of Public School Education an appealable order under section 28–32–15 of the North Dakota Century Code?"

ANSWER: "No."

"2. Where the State Board of Public School Education action under section 15–40–17 of the North Dakota Century Code, as amended, makes a decision which requires the school board of students' residence to pay tuition charges to another school district for high school students attending the other district, and where the question of an arbitrary decision, abuse of discretion, and a decision not within the intent of the statute is raised, is the order made by the Board of Public School Education an appealable order under section 28–32–15 of the North Dakota Century Code?"

ANSWER: "No."

"3. Is a decision of the State Board of Public School Education appealable to the District Court under the provisions of section 15–40–17 of the North Dakota Century Code, as amended?"

ANSWER: "No."

"4. Is a decision of the State Board of Public School Education under section 15–40–17 of the North Dakota Century Code, as amended, appealable to the District Court under the provisions of Chapter 28–32 of the North Dakota Century Code?"

ANSWER: "No."

The authority to certify questions of law to the Supreme Court is conferred by Chapter 32–24, North Dakota Century Code. Section 32–24–01 provides:

"Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction in this state and the issue of the same·

will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined."

Section 32–24–02 provides:

"In all actions, both civil and criminal, the matter of certifying a question shall be in the sound discretion of the trial judge, and the supreme court may refuse to consider the same if it is frivolous, or is merely interlocutory in its nature, or otherwise not of sufficient importance to determine the issues in the cause at bar."

■ This court heretofore has considered these provisions of the law, the type of questions which they authorize may be certified to this court, and the scope of our review when questions are certified. We have held that, before a certified question may be considered by this court, it must be a question the determination of which will decide the cause in which it arises. In other words, the result of the action must depend wholly, or at least principally, upon the construction of the law as it will be determined by the answers to the question or questions certified. Minnkota Power Co-op. v. Kyser, 78 N.D. 102, 48 N.W.2d 34. We have held that the statute does not contemplate the giving of advisory opinions. Ullman v. Campbell, 51 N.D. 198, 199 N.W.

482. We have further held that the questions certified must not be questions of fact, or questions of law and fact mixed. State v. Fahn, 52 N.D. 134, 202 N.W. 130.

Let us now consider the questions certified to us in this case, in the light of the above principles heretofore adopted by the court. All of the certified questions involve the appealability of decisions of the State Board of Public School Education. If our answers to these questions should be in the negative and we should hold the decisions not appealable, that would, in fact, determine the suit. But if our answers to these questions should be in the affirmative, all of the issues in the case will remain to be tried, and the outcome of the suit will depend upon the evidence submitted in the case.

■ In order to come within the provisions of the Act conferring authority for certification of questions to the Supreme Court, it is not enough to show that the outcome of the suit might be determined by the construction of the law as indicated by the answers to the certified questions. It must appear that the result of the litigation will depend wholly, or at least principally, upon the answers to such questions, regardless of whether those answers are in the negative or in the affirmative. Union Insurance Agency of Minot v. Insurance Company of North America, 50 N.D. 606, 197 N.W. 225.

■ For reasons stated, we must refuse to answer the certified questions and we therefore remand the case to the district court for further proceedings.

MORRIS, C. J., and BURKE, ERICKSTAD and TEIGEN, JJ., concur.