VANTINE PAINT & GLASS COMPANY OF DICKINSON, Incorporated, Plaintiff,

v.

Laudie KUDRNA, Wesley Ray Foreman, and Montana-Dakota Utilities Co., a corporation, Defendants.

MONTANA–DAKOTA UTILITIES CO., a corporation, Third-Party Plaintiff,

v.

Alice L. ABERSON, Third-Party Defendant.

Civ. No. 8695.

Supreme Court of North Dakota.

April 22, 1971.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff.

Albert A. Wolf, Bismarck, for defendants and third-party plaintiff.

Reichert, Howe & Hardy, Dickinson, for third-party defendant.

ERICKSTAD, Judge.

The following question, answered in the negative by the district court of Stark County, has been certified to our court for our consideration:

"May this cause of action, owned by Great Northern Insurance Company to the extent of $33,317.65 and Vantine Paint & Glass Company of Dickinson, Incorporated, to the extent of $6,441.95, be prosecuted in the name of Vantine Paint & Glass Company of Dickinson, Incorporated, alone, without joinder as party plaintiff therein of Great Northern Insurance Company, under the provisions of Rule 17(a) of the North Dakota Rules of Civil Procedure?"

This question was certified to us after the defendant Montana-Dakota Utilities Company moved that the district court dismiss the action against it on the ground that the plaintiff, which we shall refer to as Vantine's, is not the real party in interest, since on receipt of $33,317.65 from its insurer, Great Northern Insurance Company of Minneapolis, Minnesota, it had given its insurer a subrogation receipt in complete settlement with said company of its contractual share of the loss sustained by it.

Notwithstanding that Vantine's contended that its total loss was $39,759.60 and that it therefore suffered a substantial loss in excess of that for which it had been compensated by its insurer, and notwithstanding that one of the attorneys for the

plaintiff also filed an affidavit asserting that he was the attorney for the insurer and that he had from time to time billed the insurer for the legal services rendered in connection with the prosecution of this lawsuit, the district court held that Vantine's was not the real party in interest under Rule 17(a) of the North Dakota Rules of Civil Procedure, and, accordingly, required that the action be brought in the joint names of the insurer and Vantine's.

The district court gave the plaintiff twenty days within which to join the insurer as a party plaintiff. When the plaintiff declined to do so, the court, at the request of the parties, certified the foregoing question of law to this court for decision.

Interesting as the question is, it is not a proper question for certification to this court.

The section of our statutes pertinent to this decision reads:

"32-24-01. *When question may be certified.*—Where any cause is at issue, civil or criminal, in any district court or county court with increased jurisdiction in this state and the issue of the same will depend principally or wholly on the construction of the law applicable thereto, and such construction or interpretation is in doubt and vital, or of great moment in the cause, the judge of any such court, on the application of the attorney for the plaintiff or defendant in a civil cause, and upon the application of the attorneys for the plaintiff and defendant in a criminal cause, may halt all proceedings until such question shall have been certified to the supreme court and by it determined."

What this court said, speaking through Judge Strutz, in 1964, applies in this case.

"This court heretofore has considered these provisions of the law, the type of questions which they authorize may be certified to this court, and the scope of our review when questions are certified.

We have held that, before a certified question may be considered by this court, it must be a question the determination of which will decide the cause in which it arises. In other words, the result of the action must depend wholly, or at least principally, upon the construction of the law as it will be determined by the answers to the question or questions certified. Minnkota Power Co-op. v. Kyser, 78 N.D. 102, 48 N.W.2d 34. We have held that the statute does not contemplate the giving of advisory opinions. Ullman v. Campbell, 51 N.D. 198, 199 N.W. 482." School Bd. of Eagle Pub. Sch. Dist. No. 16 of Richland County v. State Board, 126 N.W.2d 799, 802 (N.D. 1964).

"In order to come within the provisions of the Act conferring authority for certification of questions to the Supreme Court, it is not enough to show that the outcome of the suit might be determined by the construction of the law as indicated by the answers to the certified questions. It must appear that the result of the litigation will depend wholly, or at least principally, upon the answers to such questions, regardless of whether those answers are in the negative or in the affirmative." School Bd. of Eagle Pub. Sch. Dist. No. 16 of Richland County v. State Board, 126 N.W.2d 799, 802 (N.D.1964).

In an earlier decision, this court was called upon to determine, among other things, the capacity of the plaintiff in a particular action to maintain the action. Speaking through Judge Burke, the court said:

"Questions four and five relate solely to the capacity of the plaintiff to maintain this action. These questions are also interlocutory in nature. If we were to decide that plaintiff has capacity to sue, not a single issue arising in the law suit proper would be resolved.

" 'In order to come within the provisions of the act, it is not only necessary

that the determination of the cause may depend wholly or principally upon the construction of law applicable to the question certified, but that it *will* depend wholly or principally upon such construction'." Minnkota Power Co-op. v. Kyser, 78 N.D. 102, 48 N.W.2d 34 (1951).

In this case, neither the amount of liability nor the issue of liability would be resolved by the answer to the question certified to us. Accordingly, we conclude that this lawsuit will not depend principally or wholly on the answer to the question certified to us.

For the reasons stated in this opinion, we must decline to answer the certified question. The case is remanded to the district court for further proceedings.

STRUTZ, C. J., and PAULSON, KNUDSON and TEIGEN, JJ., concur.